**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHARI PROESEL and PAMELA HOSIE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COLGATE-PALMOLIVE COMPANY EMPLOYEE RETIREMENT INCOME PLAN, COLGATE-PALMOLIVE COMPANY, as Plan Administrator, <br><br> Defendants. | Civil Action No. 07 CIV 9515 (BSJ) <br><br><br><br><br> **CLASS ACTION COMPLAINT** <br><br><br> **ECF CASE** |

## INTRODUCTION

1. Shari Proesel and Pamela Hosie ("Plaintiffs"), participants in Defendant Colgate-Palmolive Company Retirement Income Plan ("the Plan"), bring this action on their own behalf and on behalf of all similarly situated participants, their beneficiaries and estates, pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2. Plaintiffs allege that when the Plan made lump sums distributions to participants prior to August 17, 2006, when the relevant provisions were amended pursuant to the Pension Protection Act of 2006, it violated the present value calculation rules of ERISA § 203(e)(2), 29 U.S.C. § 1053(e)(2), 205(g)(3), 29 U.S.C. § 1055(g)(3) and IRC § 417(e)(3), resulting in impermissible forfeiture of accrued benefits under ERISA § 203(a), 29 U.S.C. § 1053(a) and I.R.C. § 411(a)(2).

3. Plaintiffs further allege that the Plan violated ERISA by failing to comply with any of the minimum accrual requirements delineated in ERISA §§ 204(b)(1)(A)-(C), 29 U.S.C. §§ 1054(b)(1)(A)-(C) and § 204(b)(H), 29 U.S.C. § 1054(b)(1)(H).

4. Accordingly, Plaintiffs ask the Court, *inter alia*, to: (a) declare that the Plan violated the aforementioned statutory provisions; and (b) order the plan administrator to retroactively recalculate and distribute benefits for affected Plan participants.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331(a) and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

6. Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is, and at all times relevant to this litigation was, administered in this district, some or all of the statutory violations for which relief is sought occurred in this district, and/or some Defendants reside or maintain their primary place of business in this district.

7. Declaratory and injunctive relief are authorized by 28 USC § 2201 and 2202, respectively, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by ERISA §§ 502(a)(1)(B) and 502(a)(3), 29 USC §§1132(a)(1)(B) and (a)(3).

## PARTIES

**Plaintiffs**

8. Plaintiff Shari Proesel is a "participant" of the Plan within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7). Plaintiff Proesel resides in Lake Villa, Illinois, and was employed by Hills Pet Nutrition, Inc., a wholly-owned subsidiary of Defendant Colgate-Palmolive Company from 1999 until 2005.

9. Plaintiff Pamela Hosie is a "participant" of the Plan within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7). Plaintiff Hosie resides in Milfay, Pennsylvania, and was employed by Colgate-Palmolive Company from December 1999 until March 2006.

**Defendants**

10. The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 USC § 1002(2)(A), and more precisely, a "defined benefit plan" within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35). The Plan covers eligible employees of Defendant Colgate-Palmolive Company and its participating subsidiaries ("Colgate" or the "Company"). The Plan's address is 300 Park Avenue, New York, NY 10022.

11. Colgate, the Plan administrator, is a Delaware corporation, is also headquartered at 300 Park Avenue, New York, NY. Colgate is named as a defendant in this action in its capacity as the administrator of the Plan, as further described herein.

## FACTS

**Description of the Plan**

12. The Plan covers all U.S. employees of Colgate, except for employees of Colgate's subsidiaries that sponsor their own pension or profit-sharing plans. IRS Form 5500 Submission for the Plan to the Department of Labor for the Year 2005 ("2005 Form 5500").

13. Colgate is the Plan "administrator," within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), and administers the Plan through its Employee Relations Committee. 2005 Form 5500.

14. Generally, employees become eligible to participate in the Plan upon reaching age 18 and completing three months of service. 2005 Form 5500.

15. The Plan is a "cash balance" pension plan. A cash balance plan is a type of defined benefit plan that defines the benefit earned by employees with reference to the balance of a hypothetical account.

16. Under a cash balance formula, an employee's hypothetical account is periodically "credited" with a percentage of compensation, typically referred to as pay credits. Typically, hypothetical cash balance accounts are also credited with interest credits, comprised of an additional amount, derived by multiplying the account balance by an interest rate either fixed by the plan or pegged to a variable outside index. While the hypothetical allocation of pay credits terminates with employment, interest credits continue to be allocated until benefits are distributed.

17. Although a cash balance formula provides for an individual (albeit only "hypothetical") account for each participant, the Plan is not a "defined contribution plan", as that term is defined at ERISA Section 3(34), 29 USC § 1002(34). Instead, it is a "defined benefit plan", which is defined at ERISA Section 3(35), 29 USC § 1002(35), as "a pension plan other than an individual account plan."

18. The Plan implemented a cash balance formula effective January 1, 1989. Under the Plan, participants' hypothetical accounts, known as "Personal Retirement Accounts," are credited monthly with pay credits, based upon years of service, as well as with monthly interest credits.

19. Monthly interest credits are based upon 1/12 of the average rate of a new six-month Treasury bill in effect during each quarter, plus 2% per annum. 2005 Form 5500. Upon information and belief, the Plan does not provide for a guaranteed minimum interest rate.

20. Under the Plan, benefit payment alternatives include a lump sum distribution of the account balance or various annuity options. 2005 Form 5500.

**ERISA's Requirements Concerning Lump Sum Distributions**

21. Prior to August 17, 2006, ERISA required that the accrued benefit under a cash balance defined benefit plan must be measured as an annual benefit commencing at normal retirement age. Interest credits are a part of the accrued benefit. Therefore, ERISA required that interest credits be valued as a part of the annual benefit commencing at normal retirement age. In other words, a participant's accrued benefit earned in any given year included not only the value of pay credits allocated to her account, but also the value of interest credits on such amount through normal retirement age.

22. Accordingly, ERISA required that, if an employer offered a participant the option of receiving a lump sum payment, rather than an annuity commencing at normal retirement age, the participant's lump sum distribution must at least equal the actuarial equivalent of that annuity. *Esden v. Bank of Boston*, 229 F.3d 154, 164 (2d Cir. 2000).

23. For cash balance plans, this was determined by projecting the cash balance account forward with the plan-prescribed interest credits and then discounting it back to present value, using a discount rate no greater than the statutory discount rate prescribed by ERISA for such purpose. *See* IRC § 417(e) and ERISA § 205(g), 29 1055(g). This calculation is commonly known as a "whipsaw" calculation.

24. At all times relevant to this litigation, the statutory maximum discount rate for this present value calculation was the 30-year Treasury bill rate.

25. A cash balance plan that provided for interest credits at the statutorily-prescribed rate could merely pay out the balance of a participant's account as the actuarial equivalent of the

5

age 65 annuity, if such participant requested a lump sum distribution. However, where a plan's rate for interest credits exceeded the statutory discount rate, simply paying out a participant's account balance, rather than performing the required present value calculation, resulted in smaller benefits than participants were entitled to receive. Where the actuarial equivalent exceeded the account balance, ERISA required that this higher figure be paid out, so as to avoid an impermissible forfeiture of accrued benefits. In other words, the plan would have unlawfully conditioned the receipt of the value of future interest credits upon the participant refraining from taking a lump sum distribution prior to reaching normal retirement age. *See Esden*, 229 F.3d at 164-173.

**ERISA's Minimum Accrual Requirements**

26. As a defined benefit plan, a cash balance plan must comply with at least one of the three minimum accrual rules set forth in ERISA §§ 204(b)(1)(A), (B) and (C), 29 U.S.C. §§ 1054(b)(1)(A), (B) and (C). These are commonly known as the 3% rule, the 133 1/3% rule and the fractional rule. Of these rules, the only test that the Plan might satisfy is the 133 1/3% rule. *See Esden*, 229 F.3d at 167, n.18.

27. The 133 1/3% rule provides, in part, that:

> …the annual rate at which any individual who is or could be a participant can accrue the retirement benefits payable at normal retirement age under the plan for any later plan year is not more than 133 1/3 percent of the annual rate at which he can accrue benefits for any plan year beginning on or after such particular plan year and before such later plan year.

ERISA § 204(b)(1)((B), 29 U.S.C. § 1054(b)(1)(B). In other words, no later rate of accrual can be more than one-third greater than any earlier rate.

28. In applying this rule, the accrued benefit for any particular year must include both the pay credit and all the interest credits earned by the pay credit.

29. In order to satisfy this rule, cash balance plans with pay credits that exceed earlier pay credits by more than 133 1/3 % must prescribe a minimum interest rate that ensures that the later pay credit will not exceed the pay credit for any earlier year by more than 133 1/3%.

30. The Plan at issue in this litigation provided pay credits for participants with 25 or more years of service with pay credits equal to 7.50% of eligible compensation, but provided pay credits for employees with less than ten years of service with pay credits equal to 2.50% of eligible compensation. In order to satisfy the 133 1/3 percent rule, the Plan would have needed to specify a minimum interest credit of at least 5.19%. *See Esden*, 229 F.3d at 167, n.18.

**ERISA's Age-based Accrual Rules**

31. Under ERISA, a defined benefit plan may provide for a formula whereby "the rate of an employee's benefit accrual is reduced, because of the attainment of any age." ERISA § 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H).

32. Further ERISA provides that, for defined benefit plans, a participant's accrued benefit is not measured by his/her account balance; rather, ERISA defines a participant's accrued benefit under a defined benefit plan in the form of an annual benefit commencing at normal retirement age. ERISA § 3(23)(A), 29 U.S.C. § 1002(23)(A); I.R.C. § 411(a)(7)(A)(i) (2006); *Esden*, 229 F.3d at 163. There is *no exception* for defined benefit plans that use a cash-balance formula.

33. Thus, ERISA's age-based accrual rules apply to the rate at which participants accrue benefits, measured in terms of the value of each year's accrued benefit at normal retirement age. *Richards v. Fleetboston Financial Corp.*, 427 F.Supp. 2d 150 (D. Conn. 2006), *In re JPMorgan Chase Cash Balance Plan Litig.*, 460 F. Supp. 2d 479 (S.D.N.Y. 2006), *In re Citigroup Pension Plan ERISA Litig.*, 470 F. Supp. 2d 323 (S.D.N.Y. 2006), *Parsons v. AT&T*

*Pension Benefit Plan*, 2006 U.S. Dist. LEXIS 93135 (D. Conn. 2006).

**The Plan Violated ERISA**

34. The Plan's rate for interest credits has, during the Class Period, exceeded the Discount Rate.

35. However, when making lump distribution prior to August 17, 2006, Defendants failed to perform the required present value calculation in such a manner as to prevent the forfeiture of accrued benefits.

36. Plaintiffs Proesel and Hosie each received from the Plan a lump sum distribution in 2005 and 2006, respectively. However, when calculating Plaintiffs' benefits, the Plan failed to properly calculate the present value of their accrued benefits. The Plan failed to perform a "whipsaw" calculation that utilized: (a) the Plan's interest crediting rate as a projection rate and; (b) a discount rate that did not exceed the statutory maximum. As a result of such failure, Plaintiffs received less than the pension benefit to which they were entitled.

37. The Plan also violated ERISA by utilizing a benefit formula that failed to comply with any of the minimum accrual rules set forth in §§ 204(b)(1)(A), (B) and (C), 29 U.S.C. §§ 1054(b)(1)(A), (B) and (C). Plaintiffs received interest credits during years where the Plan interest crediting rate was less than the requisite minimum guaranteed rate described herein.

38. The Plan also violated ERISA by utilizing a benefit formula that failed to comply with any of requirement of § 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H). Plaintiffs accrued benefits under a formula pursuant to which their rates of benefit accrual were reduced because of increasing age.

**Plaintiffs Were Not Required to Exhaust Administrative Remedies**

39. Plaintiffs have not filed a claim for benefits under the Plan's claims procedures because they seek relief from violations of ERISA statutory provisions which do not require the exercise of discretion by a Plan fiduciary. Rather, the issues involved in this action are only issues of law—*i.e.*, the interpretation of ERISA. Further, Plaintiffs have not attempted to exhaust their administrative remedies because to do so would be futile, as the terms of the Plan describe the lump sum distribution option as a payment of the account balance. Thus, any attempt by the Plaintiffs to file an appeal to enforce the terms of the Plan would have resulted in a denial, as they has already received a distribution equal to their account balances under the terms of the Plan.

## CLASS ACTION ALLEGATIONS

40. Plaintiffs bring this action on their own behalf and, pursuant to the provisions of the Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all others similarly situated, defined as:

> All individuals, their beneficiaries and estates, who have participated in the Colgate-Palmolive Employees' Retirement Income Plan at any time on or after July 1, 1989 whose accrued or pension benefits have been based, in whole or in part, on the Plan's Cash Balance Formula (the "Class"),

as well as on behalf of a subclass of all others similarly situated, defined as:

> All individuals, their beneficiaries and estates, who received a lump sum distribution from the Colgate-Palmolive Employees' Retirement Income Plan prior to August 17, 2006, based in whole or in part upon the Plan's cash balance formula, that equaled the amount of their Personal Retirement Account when, at the time their lump sums were calculated, the Plan's interest crediting rate exceeded the maximum statutory discount rate (the "Lump Sum Subclass").

41. The requirements for maintaining this action as a class action under Rule 23(b)(1) and (b)(2), Federal Rules of Civil Procedure.

42. The members of the classes are so numerous that joinder of all members is impracticable. The classes are large in number; the exact number and identities of all class members are currently unknown to Plaintiffs, but are known to Defendants. According to the 2005 Form 5500, the Plan has at least 10,000 participants.

43. Common questions of law and fact exist as to all members of the classes and predominate over any questions affecting solely individual members of the classes. Among the questions of law and fact common to the classes are:

> (a) whether the benefits earned by the Plan participants have been calculated correctly as required by ERISA;
>
> (b) whether the terms of the Plan provide for the impermissible forfeiture of accrued benefits;
>
> (c) whether the Plan is required to perform the "whipsaw" calculation and, if so, whether it failed to do so;
>
> (d) whether the Plan complied with any of the minimum accrual provisions of ERISA § 204(b)(1)(A)-(C);
>
> (e) whether the Plan complied with the age-based accrual provisions of ERISA § 204(b)(1)(H);
>
> (f) what remedies are needed to bring the Plan into compliance with the dictates of ERISA;
>
> (g) whether the Class is entitled to an injunction pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and

10

(h) whether the Plan administrator should be ordered to retroactively recalculate and distribute benefits in order to remedy ERISA violations described herein.

44. Plaintiffs' claims are typical of the claims of the members of the classes because Plaintiffs and the other members of the classes each were affected by the Plan's violations of ERISA.

45. Plaintiffs are members of the classes as defined above; their claims are typical of the claims of the members of the classes and they will fairly and adequately protect the interests of the classes. Plaintiffs' interests are coincidental with, and not antagonistic to, the absent class members. Plaintiffs are represented by experienced ERISA class action counsel.

46. The prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants and a risk of adjudications which as a practical matter would be dispositive of the interests of other members of the classes who were not parties.

47. Defendants have acted and/or refused to act and are likely to act and/or refuse to act on grounds generally applicable to the classes, thereby making appropriate final injunctive and other relief with respect to the classes as a whole.

## CLAIMS FOR RELIEF

### COUNT ONE

48. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

49. Plan does not satisfy the minimum accrual rules of ERISA § 204(b)(1) because, on information and delete, it does not include a minimum interest rate.

50.     Thus, the Plan's cash balance formula fails to account for periods where the specified interest crediting rate exceeds the requisite—but absent—guaranteed minimum rate necessary in order to ensure compliance ERISA's minimal accrual rules.

51.     Accordingly, the Plan violated ERISA by failing to comply with the rule set forth in § 204(b)(1), 29 U.S.C. § 1054(b)(1).

## COUNT TWO

### (Lump Sum Subclass Only)

52.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

53.     For the purposes of lump sum distributions, the Plan does not provide participants with the actuarial equivalent of their account balances; rather, a participant's lump sum distribution is simply equal to the balance of her account.

54.     Accordingly, the Plan violated the present value calculation rules of ERISA §§ 203(e)(2), 29 U.S.C. § 1053(e)(2), 205(g)(3), 29 U.S.C. § 1055(g)(3) and IRC § 417(e)(3), resulting in impermissible forfeiture of accrued benefits under ERISA § 203(a), 29 U.S.C. § 1053(a) and I.R.C. § 411(a)(2), where the Plan rate for interest credits exceeded the statutory maximum discount rate.

55.     Therefore, Plaintiffs and the Lump Sum Subclass are entitled to appropriate relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT THREE

56.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

57. ERISA Section 204(b)(1)(H), 29 USC § 1054(b)(1)(H), provides, in pertinent part, that a defined benefit plan does not satisfy ERISA's minimum accrual standards "if, under the plan, ... the rate of an employee's benefit accrual is reduced, because of the attainment of any age."

58. Under the Plan's cash balance formula, the rate of accrual consists of the sum of pay credits and interest credits projected to normal retirement age. As a consequence, all other factors being equal, such as years of service and compensation, the portion of the accrued benefit attributable to interest credits and, therefore, the overall rate of accrual diminishes with advancing age.

59. The Plan's cash balance formula violates ERISA § 204(b)(1)(H), 29 USC § 1054(b)(1)(H), because by diminishing with advancing age, its rate of accrual "is reduced, because of the attainment of any age."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 with the class defined as aforesaid, Plaintiffs as proper class representatives of classes, and Plaintiffs' counsel as counsel for the classes;

B. Judgment for Plaintiffs and the classes against Defendants on all claims asserted herein;

C. A declaration that the acts/practices described herein violated ERISA;

D. An order enjoining the acts/practices described in Count One of this Complaint and an order awarding Plaintiffs and the Class appropriate relief, including, without limitation, injunctive relief ordering the Plan administrator to: (a) retroactively remedy the

Plan, so as to ensure continuous compliance with ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B): (b) to recalculate the benefits of Plaintiffs and the Class in accordance with the requirements of ERISA described herein; and (c) to pay to Plaintiffs and each member of the Class additional amounts to which they are entitled, as a result of such recalculation;

    E.    An order enjoining the acts/practices described in Count Two of this Complaint and an order awarding Plaintiffs and the Lump Sum Subclass appropriate relief, including, without limitation, injunctive relief ordering the Plan administrator to: (a) retroactively remedy the Plan, so as to ensure continuous compliance with the requirements of ERISA described herein, with respect to lump sum distributions made prior to August 17, 2006; (b) recalculate the benefits of Plaintiffs and the Lump Sum Subclass; and (c) to pay to Plaintiffs and each member of the Lump Sum Subclass additional amounts to which they are entitled, as a result of such recalculation

    F.    An order enjoining the acts/practices described in Count Three of this Complaint and an order awarding Plaintiffs and the Class appropriate relief, including, without limitation, injunctive relief ordering the Plan administrator to: (a) retroactively remedy the Plan, so as to ensure continuous compliance with ERISA § 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H): (b) to recalculate the benefits of Plaintiffs and the Class in accordance with the requirements of ERISA described herein; and (c) to pay to Plaintiffs and each member of the Class additional amounts to which they are entitled, as a result of such recalculation;

    D.    Pre-and post-judgment interest;

    E.    Attorneys' fees and costs pursuant to the common fund/benefit doctrine or any other applicable law; and

F.    Any other and further equitable relief as the Court deems appropriate under the circumstances.


Dated: October 23, 2007                Respectfully submitted,

                                       S/ Edgar Pauk
                                       _____
                                       **EDGAR PAUK (EP 1039)**
                                       144 East 44th Street, Suite 600
                                       New York, New York 10017
                                       (212) 983-4000


                                       **SCHIFFRIN BARROWAY**
                                       **TOPAZ & KESSLER, LLP**
                                       Joseph H. Meltzer
                                       Edward W. Ciolko
                                       Joseph A. Weeden
                                       280 King of Prussia Road
                                       Radnor, Pennsylvania  19087
                                       Telephone: (610) 667-7706
                                       Facsimile: (610) 667-7056

                                       *Attorneys for Plaintiffs*

15