IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARI PROESEL AND PAMELA HOSIE, et al.<br><br>         Plaintiffs,<br><br> vs.<br><br><br>COLGATE-PALMOLIVE COMPANY EMPLOYEES' RETIREMENT INCOME PLAN, COLGATE-PALMOLIVE COMPANY, as Plan Administrator,<br><br>         Defendants. | Case No. 07-CIV-9515-BSJ-KNF<br><br>Judge Barbara S. Jones<br>Magistrate Judge Kevin N. Fox |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR
TRANSFER OF VENUE TO THE SOUTHERN DISTRICT OF INDIANA**

       Joseph J. Costello*
       Jeremy P. Blumenfeld*
       Theresa J. Chung (TC3200)
       MORGAN, LEWIS & BOCKIUS LLP
       101 Park Avenue
       New York, New York 10178-0060
       (212) 309-6000
       (212) 309-6001 (fax)

       Attorneys for Defendants Colgate-Palmolive
       Company Employees' Retirement Income Plan and
       Colgate-Palmolive Company

       *Admitted *pro hac vice*

## TABLE OF CONTENTS

                                                                                                **Page**

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTUAL BACKGROUND ....................................................................... 2

      A. On February 12, 2007, Caufield Filed Suit Against The Plan In The Southern District Of Indiana, Seeking To Represent A Nationwide Class Of Plan Participants In ERISA Claims. ................................................................ 2

      B. On August 13, 2007, Plaintiffs Paul Abelman And Valerie R. Nutter Filed A Nearly Identical Case to *Caufield*, And That Case Is Now Pending in the Southern District of Indiana. ............................................................................ 3

      C. On October 24, 2007, Plaintiffs Shari Proesel And Pamela Hosie Filed This Action Against Colgate And The Plan. ...................................................... 4

III. PURSUANT TO THE "FIRST-TO-FILE" RULE, THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF INDIANA, WHERE THE *CAUFIELD* AND *ABELMAN* CASES ARE PENDING. ........................................ 5

      A. Courts In The Second Circuit Consistently Apply The "First-To-File" Rule In Similar Circumstances. ............................................................................ 5

      B. The "First-to-File" Factors Weigh In Favor Of Transfer Of This Case To The Southern District Of Indiana. ...................................................................... 7

            1. *Caufield* And *Abelman* Were Filed Before This Action .......................... 7

            2. The Parties In The Three Actions Are Substantially The Same ............... 8

            3. The Issues And The Claims In The Two Actions Are Nearly Identical ...................................................................................................... 8

            4. In Addition, Applying The "First-to-File" Rule To Transfer And Eventually Consolidate This Case Will Promote Judicial Economy ....... 10

IV. CONCLUSION .................................................................................................................. 11

## TABLE OF AUTHORITIES
## CASES

Alden Corp. v. Eazypower Corp.,
294 F. Supp. 2d 233 (D. Conn. 2003).................................................................................11

Allen v. Rohm and Haas Co. Ret. Plan,
Civ. A. No. 3:06-CV-25-S, 2006 WL 1980174 (W.D. Ky. July 10, 2006)..........................7, 9, 10

Cali v. East Coast Aviation Servs., Ltd.,
178 F. Supp. 2d 276 (E.D.N.Y. 2001) ...................................................................................8

City of Columbus v. Hotels.com,
No.2:06-cv-677, 2007 WL 2029036 (S.D. Ohio July 10, 2007) ...............................7, 11

Fuller v. Abercrombie & Fitch Stores, Inc.,
370 F. Supp. 2d 686 (E.D. Tenn. 2005)...............................................................7, 11

GMT Corp. v. Quiksilver,
No. 02 Civ. 2229 (GBD), 2002 WL 1788016 (S.D.N.Y. Aug. 1, 2002) ........................7

MasterCard Int'l Inc. v. Lexcel Solutions, Inc.,
No. 03-cv-7157, 2004 WL 1368299 (S.D.N.Y. June 16, 2004) .......................................7

McCain v. Rahal Letterman Racing, LLC,
No. 07-cv-5729 (JSR), 2007 WL 2435170 (S.D.N.Y. Aug. 27, 2007) ..........................5, 7, 8, 10

Mfgs. Hanover Trust Co. v. Palmer Corp.,
798 F. Supp. 161 (S.D.N.Y. 1992)........................................................................6

Shenker v. Murasky,
No. 95-CV-4739 (NG), 1996 WL 650974 (E.D.N.Y. Nov. 6, 1996) ..........................6, 8

Spotless Enters. Inc. v. The Accessory Corp.,
415 F. Supp. 2d 203 (E.D.N.Y. 2006) ...............................................................6, 7, 8, 10

Vangarelli v. Witco Corp.,
No. 90-cv-6794, 1991 WL 19992 (S.D.N.Y. Feb. 13, 1991) ......................................6, 7

## STATUTES

28 U.S.C. § 1404(a) ........................................................................................1

29 U.S.C. § 1024(b)(4) .....................................................................................3

29 U.S.C. § 1054(b)(1)(B) .............................................................................1, 3, 4, 9

29 U.S.C. § 1054(b)(1)(H) ................................................................................................1, 5, 9

29 U.S.C. §§ 1053(e) .........................................................................................................2, 3, 9

-iii-

I.  **INTRODUCTION**

Pursuant to the first-to-file rule and 28 U.S.C. § 1404(a), Defendants Colgate-Palmolive Company Employees' Retirement Income Plan ("the Plan") and Colgate-Palmolive Company ("Colgate") (collectively "Defendants") respectfully request that the Court transfer this case to the United States District Court for the Southern District of Indiana ("the Southern District of Indiana"), where two putative class actions involving virtually the same claims and class members, captioned Caufield v. Colgate-Palmolive Company Employees' Retirement Income Plan, No. 4:07-CV-0016-SEB-WGH, and Paul Abelman, et al. v. Colgate-Palmolive Co., et al.; No. 07:cv-01554-DFH-JMS, are already pending. (Copies of the Caufield Complaint and the Abelman Amended Complaint are attached as Exhibits A and B, respectively).

This lawsuit, the Caufield lawsuit, and the Abelman lawsuit all challenge the same Plan provisions as violating various ERISA sections, on behalf of effectively the same putative class. All three cases allege that the Plan improperly calculated lump sum benefits under a "whipsaw" theory. (Compl. ¶ 36; Caufield Compl. ¶¶ 9-11, 22-23; Abelman Am. Compl. ¶ 36(1)). This lawsuit and the Abelman lawsuit also allege that the Plan was impermissibly "backloaded" in violation of ERISA's 133 1/3% rule, 29 U.S.C. § 1054(b)(1)(B).[1] (Compl. ¶¶ 26-30, 48-51; Abelman Am. Compl. ¶ 36(2)). Indeed, the Plaintiff in this case, Pamela Hosie[2] ("Hosie" or "Plaintiff"), is a member of the putative class in Caufield and Abelman, and Mr. Caufield and the named Plaintiffs in Abelman are members of the putative class in this case.

To promote judicial efficiency, and to avoid duplicative litigation, wasted resources, the risk of inconsistent decisions and unnecessary expense, this case should be transferred to the

---

[1] In this case, Plaintiff also alleges the Plan violates ERISA's age discrimination provisions, 29 U.S.C. § 1054(b)(1)(H). (Compl., ¶¶ 57-59).

[2] On January 3, 2008, the claims of Plaintiff Shari Proesel were dismissed. (See Docket No. 8). Accordingly, Hosie is the only named Plaintiff in this case.

Southern District of Indiana where, ultimately, these three cases can be consolidated. Indeed, the Abelman case was transferred from the Southern District of Ohio to the Southern District of Indiana. Accordingly, Defendants respectfully request that the Court transfer this case to the Southern District of Indiana, where two related actions are pending.

## II. RELEVANT FACTUAL BACKGROUND

### A. On February 12, 2007, Caufield Filed Suit Against The Plan In The Southern District Of Indiana, Seeking To Represent A Nationwide Class Of Plan Participants In ERISA Claims.

On February 12, 2007, Plaintiff Paul Caufield ("Caufield") filed a Complaint against the Plan, alleging that the manner in which his lump sum pension benefit was calculated violated ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g). (Caufield Compl. ¶¶ 22-23). Specifically, Caufield alleges that when he retired in February 1999, the Plan paid him a lump sum benefit equal to his cash balance account balance. (Id., ¶¶ 9-11). He claims, however, that the Plan was required to pay him a higher amount, based on the value of his normal retirement benefit discounted to present value using the statutory interest rate and mortality table established by Congress in 29 U.S.C. §§ 1053(e) and 1055(g). (Id., ¶¶ 9-11, 22-23). This claim is sometimes referred to as a "whipsaw" claim. Caufield purports to bring this action on behalf of a class of former Plan participants who received lump sum distributions from the Plan, all allegedly calculated in the same manner. (Id., ¶¶ 13, 17). Hosie, the Plaintiff in this case, is a member of the putative class in Caufield. Caufield alleges that class certification is appropriate "because the Plan computed the lump-sum distributions of the Class members in the same contested manner" and "*there is a risk that the prosecution of separate actions would establish incompatible standards of conduct for the administrator of the Plan.*" (Id., ¶¶ 14, 15) (emphasis

added).[3]

**B.   On August 13, 2007, Plaintiffs Paul Abelman And Valerie R. Nutter Filed A Nearly Identical Case to *Caufield*, And That Case Is Now Pending in the Southern District of Indiana.**

On August 13, 2007, six months after Caufield was first filed in the Southern District of Indiana, Plaintiffs Paul Abelman ("Abelman") and Valerie R. Nutter ("Nutter") filed suit in the United States District Court of the Southern District of Ohio, alleging the same whipsaw claim alleged in Caufield, i.e., that the manner in which their lump sum pension benefits were calculated violated ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g). (Abelman Compl. ¶¶ 30-31).

On November 2, 2007, Plaintiffs filed an Amended Complaint adding four additional named Plaintiffs[4] and two additional claims: (1) violations of ERISA's "anti-backloading" 133 1/3% rule, 29 U.S.C. § 1054 (b)(1)(B); and (2) an individual claim by Plaintiff Warren Jemmott for failure to provide Plan documents under 29 U.S.C. §§ 1024(b)(4) and 1025(a). (Id., ¶¶ 36(2), 73-76).

The Plaintiffs in Abelman purport to bring their whipsaw and backloading claims on behalf of a class of all Plan participants.[5] Four of the named Plaintiffs in Abelman are members

---

[3]  On April 16, 2007, the Plan moved to dismiss Caufield's entire Complaint for failure to state a claim because Caufield's claims are time barred under the relevant statutes of limitations. (Caufield Docket Nos. 24-25). That motion is fully briefed and ripe for consideration. (Caufield Docket Nos. 24-25, 34, 42, 47, 53, 58).

[4]  The additional named Plaintiffs are Adriana Vasquez, Cora Nelson-Manley, Susan Byrd, and Warren Jemmott. (Id., ¶¶ 13-16).

[5]  The Amended Complaint includes one proposed Class and seven proposed Subclasses, which together potentially encompass all participants in the Plan since the Plan's inception in 1989. (See Abelman Am. Compl. ¶ 55). The proposed Class is defined as: "All persons who have accrued or are accruing benefits under the Colgate-Palmolive Company Employees' Retirement Income Plan (the 'Plan') and as to whom an Account was or has been established and maintained as defined in Plan, Art. 1 § 1.1, and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order." (Id., ¶ 55; see also Proposed Subclasses A through G, defined therein).

of the putative class in Caufield.[6]  (Id., ¶¶ 32-34).  Likewise, the Plaintiff in Caufield is a member of the putative class in Abelman.  (Caufield Compl. ¶¶ 6-9).

The Abelman Plaintiffs allege that certification is appropriate because there are "numerous common questions of fact and law" and the "prosecution of separate actions … *would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants ....*"  (Id., ¶¶ 57, 61) (emphasis added).  They further allege that "computation of a participant's lump sum distribution and/or … account balance … is standardized … [and] was calculated in the same manner…."  (Id., ¶ 58).

Defendants moved to transfer the Abelman case to the Southern District of Indiana in order to promote judicial efficiency and avoid duplicative litigation.  (See Abelman Motion to Transfer and supporting Memorandum of Law,[7] attached hereto as Exhibit C).  On November 28, 2007, Defendants' motion was granted and Abelman was transferred to the Southern District of Indiana.  (Abelman Docket No. 1).

### C. On October 24, 2007, Plaintiffs Shari Proesel And Pamela Hosie Filed This Action Against Colgate And The Plan.

On October 24, 2007, eight months after Caufield was filed, Proesel and Hosie filed this action against Colgate and the Plan.[8]  As in Caufield and Abelman, Hosie alleges a whipsaw claim because the Plan paid her a lump sum that was equal to her account balance but was required to pay her a higher amount.  (Compl., ¶¶ 21-25, 35-36, 40, 53-55).  In addition to the "whipsaw" claim, Hosie's Complaint, similar to the Abelman Amended Complaint, alleges that the Plan violates the anti-backloading provisions of ERISA's 133 1/3% rule, 29 U.S.C. §

---

[6] Plaintiff Byrd is not a member of the putative class in Caufield because she received her lump sum benefit in 1996.  (Abelman Am. Compl. ¶ 34).  Plaintiff Jemmott has not yet elected his lump sum, and is not currently a member of the putative class in Caufield.  (Id., ¶ 35).

[7] Defendants can provide the Court with copies of the Exhibits to the Memorandum of Law if needed.

[8] As stated above, on January 3, 2008, the claims of Shari Proesel were dismissed.  (See Docket No. 8).

1054(b)(1)(B). (Id., ¶¶ 26-30, 48-51). Hosie also alleges that the Plan violates ERISA's age discrimination provisions, 29 U.S.C. § 1054(b)(1)(H). (Id., ¶¶ 57-59). Hosie alleges that she resides in Pennsylvania. (Id., ¶ 9).

Hosie purports to bring this action on behalf of:

> All individuals, their beneficiaries and estates, who have participated in the Colgate-Palmolive Employees' Retirement Income Plan at any time on or after July 1, 1989 whose accrued or pension benefits have been based, in whole or in part, on the Plan's Cash Balance Formula (the "Class")[.]

(Id., ¶ 40). Hosie claims that class-wide treatment is appropriate because "separate actions by individual members of the classes would create the risk of *inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants* and a risk of adjudications which as a practical matter would be dispositive of the interests of other members of the classes who were not parties." (Id., ¶ 46) (emphasis added). Hosie further alleges that Defendants "have acted and/or refused to act … on grounds generally applicable to the classes." (Id., ¶ 47). Hosie is a member of the putative class in Caufield and Abelman. (Id., ¶¶ 9, 36). Caufield and the named Plaintiffs in Abelman are members of the purported class described in this action. (Id., ¶ 40).

### III. PURSUANT TO THE "FIRST-TO-FILE" RULE, THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF INDIANA, WHERE THE *CAUFIELD* AND *ABELMAN* CASES ARE PENDING.

#### A. Courts In The Second Circuit Consistently Apply The "First-To-File" Rule In Similar Circumstances.

The first-to-file rule is a well-settled principle in the Second Circuit, and provides that "when two district courts concurrently have before them actions involving substantially or effectively the same parties and issues, there is a strong presumption in favor of transfer to the forum of the first-filed suit." McCain v. Rahal Letterman Racing, LLC, No. 07-cv-5729 (JSR),

2007 WL 2435170, at *2 (S.D.N.Y. Aug. 27, 2007) (granting motion to transfer); Spotless Enters. Inc. v. The Accessory Corp., 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006) ("where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience of special circumstances giving priority to the second.") (citations and quotations omitted); Mfgs. Hanover Trust Co. v. Palmer Corp., 798 F. Supp. 161, 166 (S.D.N.Y. 1992) ("While it may be clear that one forum is better than two, which of the two fora is better follows from another principle: the 'first-filed rule.'").  The rule "avoids duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue."  Spotless Enters. Inc., 415 F. Supp. 2d at 205 (quotations and citations omitted).  "Under the first-to-file rule, a second-filed action should be transferred "to the forum of the first-filed suit unless either the balance of convenience or any other 'special circumstances' clearly favor the latter-filed action."  McCain, 2007 WL 2435170 at *2.  The underlying policy of the first-to-file rule is to promote "interests of efficiency and judicial economy," BBC Int'l Ltd. v. Lumino Designs, Inc., 441 F. Supp. 2d 438, 442 (E.D.N.Y. 2006), and to further "judicial administration and the conservation of resources."  GT Plus, Ltd. v. Ja-Ru, Inc., 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998) (quotations and citations omitted).

     In the class action context, district courts within the Second Circuit routinely transfer purported class actions to other districts where related claims already have been filed.  See Shenker v. Murasky, No. 95-CV-4739 (NG)(RML), 1996 WL 650974, at *2 (E.D.N.Y. Nov. 6, 1996) (transferring a class action under the Securities and Exchange Act of 1934 to district where four similar actions were pending); Vangarelli v. Witco Corp., No. 90-cv-6794, 1991 WL 19992, at *1, *3 (S.D.N.Y. Feb. 13, 1991) (transferring Sherman Act class action to district

where two related cases involving the same documents).⁹

> B. **The "First-to-File" Factors Weigh In Favor Of Transfer Of This Case To The Southern District Of Indiana.**

In determining if the "first-to-file" rule applies, a court must consider whether the suits are duplicative. Spotless Enters. Inc., 415 F. Supp. 2d at 205 (quotations and citations omitted). In general, courts examine: (1) the chronology of concurrently pending actions; (2) the similarity of the parties in each action; and (3) the similarity of the issues presented in each action. See, e.g., McCain, 2007 WL 2435170, at *2 (examining the similarity of the parties and issues); see also GMT Corp. v. Quiksilver, No. 02 Civ. 2229 (GBD), 2002 WL 1788016, at *1 (S.D.N.Y. Aug. 1, 2002) ("The 'first to file' rule generally applies where the two actions involve the same parties and embrace the same issues, but one was filed first.") (citations omitted). Under these factors, this action should be transferred to the Southern District of Indiana.

> 1. *Caufield* **And** *Abelman* **Were Filed Before This Action.**

The Caufield case was filed on February 12, 2007, eight months before this case was filed on October 24, 2007. The original complaint in Abelman was filed on August 13, 2007. Thus, Caufield and Abelman were filed before this matter. See, e.g., Vangarelli, 1991 WL 19992, at **2, 3 (granting motion to transfer to the District of New Jersey where a related complaint was previously filed); MasterCard Int'l Inc. v. Lexcel Solutions, Inc., No. 03-cv-7157, 2004 WL 1368299, at *8 (S.D.N.Y. June 16, 2004) (same).

---

9   Other courts also routinely transfer class actions to districts where related actions are pending. See, e.g., Allen v. Rohm and Haas Co. Ret. Plan, Civ. A. No. 3:06-CV-25-S, 2006 WL 1980174, at *2 (W.D. Ky. July 10, 2006) (transferring ERISA class action challenging calculation of lump sum benefits to Southern District of Indiana, where similar ERISA class action was filed first); City of Columbus v. Hotels.com, No.2:06-cv-677, 2007 WL 2029036, at *3-5 (S.D. Ohio July 10, 2007) (applying first-to-file rule and approving transfer of class action suit to Northern District of Ohio, where nearly identical class action was pending); and Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 689-90 (E.D. Tenn. 2005) (transferring FLSA collective action to Ohio under first-to-file rule).

### 2. The Parties In The Three Actions Are Substantially The Same.

A court can transfer a case pursuant to the first-to-file rule where the parties involved are substantially the same; a precise identity of parties is not required. See Shenker, 1996 WL 650974, at *3 (transferring class action where parties were "substantially the same"); Cali v. East Coast Aviation Servs., Ltd., 178 F. Supp. 2d 276, 293 (E.D.N.Y. 2001) (holding that the presence of the same plaintiffs in related cases is not a prerequisite for the application of the first-to-file rule); Spotless Enters. Inc. v. The Accessory Corp., 415 F. Supp. 2d 203, 206 (E.D.N.Y. 2006) (holding that the first-to-file rule does not require identical parties, but only requires that there be "substantial overlap" among the parties) (citations and internal references omitted).

The parties in this action "substantially overlap" with the parties in Caufield and Abelman. Although the named Plaintiffs are different individuals, all three class actions seek certification of essentially the same class of participants who participated in the Plan and a subclass of participants who received lump sum benefits from the Plan. Hosie is a member of the proposed classes in Caufield and Abelman, and Caufield and the named Plaintiffs in Abelman are members of the proposed class in this action. Likewise, the same Colgate Plan is a defendant in all three cases.[10] Accordingly, the parties "substantially overlap" for purposes of the first-to-file rule.

### 3. The Issues And The Claims In The Two Actions Are Nearly Identical.

The issues in the three actions not only "substantially overlap," but they are nearly

---

[10] The fact that Colgate is a named defendant in this action (but not in Caufield) and the fact that the Committee is a defendant in Abelman do not defeat the requirement that the parties be substantially similar. See McCain, 2007 WL 2435170 at *2 (holding that actions may be duplicative where the parties, although not identical, represent the same interests) (citations and internal references omitted); Spotless Enters. Inc., 415 F. Supp. at 206 (granting motion to transfer where there was sufficient similarity between defendant and its "grandparent" company, although the subsidiary was not a named party in one action).

identical. In all three cases, the plaintiffs challenge the calculation of lump sum pension benefits under ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g). (Compl. ¶¶ 36, 53-55; Caufield Compl. ¶¶ 9-11, 22-23; Abelman Am. Compl. ¶¶ 36(1), 42-43, 55). All three cases involve claims that the Plan's conduct resulted in an impermissible forfeiture of benefits prohibited by ERISA § 203(a) and Internal Revenue Code § 411(a). (Compl., ¶ 54; Caufield Compl. ¶ 26; Abelman Am. Compl. ¶ 44). In addition, both this action and Abelman involve "backloading" claims under ERISA Section 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B). (Compl., ¶¶ 26-30, 48-51; Abelman Am. Compl. ¶¶ 36(2), 45-53). In this action, Plaintiff also alleges that the Plan reduces the rate of benefit accrual because of age, in violation 29 U.S.C. § 1054(b)(1)(H). (Compl., ¶¶ 57-59).

Allowing both courts to adjudicate the same legal issues in two different forums is inefficient and impractical. First, the two courts might reach inconsistent results. Second, the parties could not settle one case while the other two remain pending. Of course, judicial resources would be wasted in litigating the same case in multiple forums.

Confronted with such a possibility of inconsistent results, the court in Allen v. Rohm and Haas Co. Ret. Plan, Civil Action No. 03:06CV-25-S, 2006 WL 1980174 (W.D. Ky. July 10, 2006) applied the first-to-file rule and granted the motion to transfer. The named plaintiff in Allen filed a class action complaint on behalf of himself and other plan participants, who had received lump sum pension benefits that did not include the value of a cost-of-living adjustment. Id. at *1. However, a different named plaintiff previously had filed a similar class action complaint in the Southern District of Indiana, also alleging that Rohm and Haas had failed to include an annual cost of living adjustment in lump sum pension benefits. Id. Noting the interest in comity among federal courts, the court granted the motion to transfer, stating:

-9-

> There is no question that the Indiana action is the first-filed action and that comity requires this court to respect the substantial development of the issues which has already taken place in the former case. Allen does not dispute that that he is a member of the class certified by the Indiana court. The issue as to the entitlement of retirees to the value of yearly COLAs is identical in both lawsuits. The action must therefore be transferred to the Southern District of Indiana for all further proceedings.

Id. at *2 (footnote omitted). As in Allen, this Court should grant the Motion to Transfer, and transfer this action to the Southern District of Indiana. See also McCain v. Rahal Letterman Racing, LLC, 2007 WL 2435170 at *3 (transferring case under the first-to-file rule where each action involved the "same key issues"); Spotless Enterprises Inc., 415 F. Supp. 2d at 206 (transferring case to district of previously filed action where both actions involved the same legal issues).

### 4. In Addition, Applying The "First-to-File" Rule To Transfer And Eventually Consolidate This Case Will Promote Judicial Economy.

Here, sound judicial administration and principles of judicial economy warrant a transfer. These three cases involve ERISA claims on behalf of essentially the same group of individuals challenging the calculation of lump sum distributions from Colgate's cash balance plan. Indeed, all three cases seek to certify a nationwide class action because there is a risk that the "prosecution of separate actions" would establish "incompatible standards of conduct" related to the administration of the Plan. (Compl. ¶ 46; Caufield Compl. ¶ 14; Abelman Am. Compl. ¶ 61). These same arguments require transfer of this case so that the three cases can be consolidated. It would be a waste of judicial and the parties' resources to maintain these three cases in separate district courts where the cases involve the same claims and virtually the same classes.[11] Spotless Enterprises Inc., 415 F. Supp. 2d at 205 (the first-filed rule furthers "wise judicial administration,

---

[11] For example, it does not make sense to require the Plan Administrator and actuaries to testify separately in this case regarding the calculation of lump sum benefits and the rates of benefit accrual under the Plan.

giving regard to conservation of judicial resources and comprehensive disposition of litigation" and "avoids duplicative litigation") (citations and quotations omitted); City of Columbus, 2007 WL 2029036, at *5 (stating that "it is a waste of judicial resources to litigate the same dispute in two different forums").  Moreover, allowing the case to proceed separately may result in inconsistent results involving the same exact parties, class members, and the same legal issues.  See Fuller, 370 F. Supp. 2d at 690 ("Permitting both [collective] actions to proceed to judgment risks the possibility of inconsistent results."); Alden Corp. v. Eazypower Corp., 294 F. Supp. 2d 233, 238 (D. Conn. 2003) ("Transfer of an action to a district where a related case is pending enables more efficient conduct of pretrial discovery, saves witnesses times and money … and avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the parties while at the same time serving the public interest.") (citations and quotations omitted).  There is no need for such a waste of resources and the risk of inconsistent rulings, and no reason to depart from applying the "first-to-file" rule.  Respectfully, this case should be transferred.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court transfer this matter to the United States District Court for the Southern District of Indiana.

Dated:  January 15, 2008                    Respectfully submitted,

/s/Theresa J. Chung
Joseph J. Costello*
Jeremy P. Blumenfeld*
Theresa J. Chung (TC3200)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000 (phone)/(212) 309-6001 (fax)

Attorneys for Defendants Colgate-Palmolive Company Employees' Retirement Income Plan and Colgate-Palmolive Company
          * Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2008, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, and served via U.S. First Class mail to the following counsel and parties:

>Edgar Pauk (EP 1039)
>144 East 44th Street, Suite 600
>New York, New York 10017
>
>Joseph H. Meltzer
>Edward W. Ciolko
>Joseph A. Weeden
>SCHIFFRIN BARROWAY
>TOPAZ & KESSLER, LLP
>280 King of Prussia Road
>Radnor, Pennsylvania 19087
>
>*Attorneys for Plaintiff Pamela Hosie*

>/s/Theresa J. Chung
>Theresa J. Chung (TC3200)