# EXHIBIT A

FILED
U.S. DISTRICT COURT
[illegible] DIVISION

07 FEB 12 PM 12:57

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAUL CAUFIELD, and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | 4:07-CV-0016 SEB - WGH ) Civil No: _____ ) |
| COLGATE-PALMOLIVE COMPANY EMPLOYEES' RETIREMENT INCOME PLAN, | ) ) CLASS ACTION ) ) |
| Defendant. | ) ) |

### Complaint

Comes now Plaintiff, Paul Caufield, by his attorneys, and for his Complaint against Defendant states as follows:

### The Parties, Jurisdiction and Venue

1. Plaintiff, Paul Caufield, is an individual residing in Memphis, Indiana.

2. Defendant, Colgate-Palmolive Company Employees' Retirement Income Plan, sometimes referred to as the "Personal Retirement Account Plan" (the "Plan"), is a "defined benefit plan" within the meaning of Section 3(35) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(35).

3. Jurisdiction is proper in this Court under 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

4. Venue is proper in this Court under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e)(2) and (f), in that the Plan is administered in this judicial district, it can also be found within this judicial district, and the conduct complained of occurred in this judicial district.

## **Background**

5. Mr. Caufield was employed by Colgate-Palmolive ("Colgate") from 1977 until February 1999.

6. Mr. Caufield participated in the Plan and accrued benefits under the Plan at all relevant times while employed by Colgate until his employment terminated in 1999.

7. Under the terms of the Plan, a notional cash balance account was established for Mr. Caufield to which the Plan credited monthly, certain pay-based credits (the "pay credits").

8. Under the terms of the Plan, and in addition to the pay credits, Mr. Caufield's notional account was credited with monthly interest, at a rate, adjusted quarterly, equal to 1/12 of an effective annual calendar year rate equal to the sum of the average rate of a new six-month Treasury bill in effect during each quarter, plus 2% per annum (the "interest credit").

9. After terminating employment in 1999, Mr. Caufield elected to receive his Plan benefits paid in the form of a lump sum distribution. The Plan paid Mr. Caufield a lump sum distribution in an amount equal to the balance of his notational account.

10. The amount of Mr. Caufield's notational account balance at distribution, i.e., the amount of his lump sum distribution, was less than the present value of his normal retirement benefit.

11. By failing to properly compute the amount of his lump sum distribution, the Plan failed to provide Mr. Caufield with a lump sum distribution in an amount equal to the present value of his normal retirement benefit as payable at normal retirement age as required by ERISA.

12. Mr. Caufield did not exhaust the administrative remedies provided under the terms of the Plan prior to initiating this lawsuit because his claims are based solely on discrete and non-

fact intensive statutory violations of ERISA. Furthermore, exhaustion would be futile in that the requirements described above have been the subject of numerous, well-publicized court cases (including from the Seventh Circuit) and agency rulings; as a result, the requirement is well known to the Plan, its fiduciaries and advisors, yet the Plan failed to comply with the ERISA when it paid Mr. Caufield's lump-sum distribution and has also failed to correct his lump-sum distribution. Thus, the Plan and its fiduciaries have already determined that it either complies with the law and/or that it need not comply with the requirements described above.

### Class Action Allegations

13. Plaintiff seeks class action certification of the following class:

"All participants in the Colgate-Palmolive Company Employees' Retirement Income Plan who received a lump-sum distribution of their pension benefits from the Plan at any time after February 12, 1997."

14. Certification is appropriate under Rule 23(b)(1), Fed. R. Civ. P., because there is a risk that the prosecution of separate actions would establish incompatible standards of conduct for the administrator of the Plan.

15. Certification is also appropriate under Rule 23(b)(2), Fed. R. Civ. P., because the Plan computed the lump-sum distributions of the Class members in the same contested manner; therefore, the Plan has acted or refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

16. The Class is comprised of several thousand participants who received lump sum distributions from the Plan, and is so numerous that joinder of all Class members would be impracticable.

17. The computation of a participant's lump sum distribution and the amount of lump sum distributions is standardized in that the amount of the lump-sum distribution for each member of the Class was determined in the same manner as described above. Thus, there exist common questions of fact as to each member of the Class.

18. Each Class member's rights will be determined by resort to the same Plan documents and the same provisions of ERISA. Thus, there exist common questions of law as to each Class member, i.e., whether the method of calculating of lump-sum distributions violated the law.

19. Mr. Caufield's claims are typical of the claims of the Class members in that his lump-sum distribution was calculated in the same fashion as the rest of the Class, and his rights, as well as those of the Class as a whole, are similarly provided for under the Plan document and applicable provisions of ERISA.

20. Mr. Caufield will fairly and adequately represent the interests of the members of the Class. His interests are the same, and not in conflict with the other members of the Class. His attorneys are experienced and competent in the prosecution of ERISA class action litigation.

## Count I

21. Mr. Caufield incorporates by reference the allegations of all preceding paragraphs as if fully set forth in this Count.

22. ERISA §§203(e) and 205(g), 29 U.S.C. §§1053(e) and 1055(g), and Internal Revenue Code § 417(e), all as implemented by Treasury Regulation §1.417(e)-1(d), require that any optional form of benefit paid from a defined benefit plan, including a lump sum distribution, must have a value no less than the present value of the participant's normal retirement benefit as payable at normal retirement age (under the Plan, age 65).

23. The Plan paid Mr. Caufield a lump-sum benefit that was less than the present value of his normal retirement benefit in violation of ERISA §§ 203(e) and 205(g), and IRC § 417(e), as implemented by Treasury Regulation 1.417(e)-1(d).

24. Pursuant to ERISA § 502(a), Mr. Caufield brings this action against the Plan for all of the relief available thereunder.

### Count II

25. Mr. Caufield incorporates by reference the allegations of all preceding paragraphs as if fully set forth in this Count.

26. The Plan's conduct as described above resulted in an impermissible forfeiture of benefits prohibited by ERISA § 203(a) and Internal Revenue Code § 411(a), as implemented by Treasury Regulation 1.411(a)-4 and 4T.

27. Pursuant to ERISA § 502(a), Mr. Caufield brings this action against the Plan to redress violations of ERISA, to enforce such ERISA provisions, and for all of the relief available.

### Prayer for Relief

WHEREFORE, Plaintiff, Paul Caufield, prays for the following relief:

a) Certification of this case as a class action;

b) Judgment against the Plan and in favor of Plaintiff and the Class on all claims herein, including all relief available under ERISA;

c) A permanent injunction preventing the Plan from calculating future lump-sum distributions in violation of ERISA;

d) Pre- and post-judgment interest and costs;

e)  Reasonable attorneys' fees pursuant to the common fund doctrine or any other applicable law; and

f)  Any other relief this Court deems just, proper and equitable.

Respectfully submitted,

*[signature]*

T.J. Smith
Law Offices of T.J. Smith
600 W. Main Street, Suite 200
Louisville, KY 40202
(502) 589-2560
(502) 540-1200 (facsimile)
tjsmith@smithhelman.com

William K. Carr
Law Offices of William K. Carr
2222 E. Tennessee Avenue
Denver, CO 80209
(303) 296-6383
(303) 296-6652 (facsimile)
bill@pension-law.com

Douglas R. Sprong
Diane Moore Heitman
Korein Tillery LLC
505 N. Seventh St., Suite 3600
St. Louis, MO 63101
(314) 241-4844
(314) 588-7036 (facsimile)
dsprong@koreintillery.com

Attorneys for Plaintiff