# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL ABELMAN, and<br>VALERIE R. NUTTER,<br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>COLGATE-PALMOLIVE COMPANY, and<br>COLGATE-PALMOLIVE COMPANY<br>EMPLOYEES' RETIREMENT INCOME<br>PLAN,<br>　　　　　　　　　　Defendants. | Case No. 2:07-cv-793<br><br>Judge Michael H. Watson<br>Magistrate Judge Norah McCann King |

**DEFENDANTS' MOTION TO TRANSFER VENUE
TO THE SOUTHERN DISTRICT OF INDIANA**

Defendants Colgate-Palmolive Company ("Colgate") and Colgate-Palmolive Company Employees' Retirement Income Plan ("the Plan") (collectively "Defendants") respectfully request that the Court transfer this case to the United States District Court for the Southern District of Indiana for the reasons set forth more fully in Defendants' brief, filed contemporaneously herewith.

Dated: September 18, 2007

Respectfully submitted,

/s/ Felix C. Wade
Felix C. Wade (0024462)
Schottenstein, Zox & Dunn Co., LPA
250 West Street
Columbus, Ohio 43215
Tel: (614) 462-2700
Fax: (614) 462-5135
Email: fwade@szd.com
Trial Attorney for Defendants Colgate-Palmolive Company and Colgate-Palmolive Company Employees' Retirement Income Plan

{H0018835.1}

-2-

OF COUNSEL:

Eve M. Ellinger (0073742)
Schottenstein, Zox & Dunn Co., LPA
250 West Street
Columbus, Ohio 43215
Tel: (614) 462-2700
Fax: (614) 462-5135
Email: eellinger@szd.com

Joseph J. Costello * (Pennsylvania Bar No. 44327)
Jeremy P. Blumenfeld (Ohio Supreme Court No. 0068858)
Theresa J. Chung* (Pennsylvania Bar No. 94681)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel.:   215-963-5295/5258/5584
Fax:    877-432-9652
Email: jcostello@morganlewis.com
       jblumenfeld@morganlewis.com
       tchung@morganlewis.com

*Pending *Pro Hac Vice Admission*

Attorneys for Defendants Colgate-Palmolive Company and
Colgate-Palmolive Company Employees' Retirement Income Plan

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, and served via U.S. First Class mail to the following counsel and parties:

>William Henry Blessing, Esq.
>119 East Court Street, Suite 500
>Cincinnati, OH 45202
>
>Eli Gottesdiener, Esq.
>Gottesdiener Law Firm, PLLC
>498 7th Street
>Brooklyn, NY 11215
>
>Attorneys for Plaintiffs

                                                /s/ Eve M. Ellinger
                                                EVE M. ELLINGER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL ABELMAN, and<br>VALERIE R. NUTTER,<br>Plaintiffs,<br>vs.<br>COLGATE-PALMOLIVE COMPANY, and<br>COLGATE-PALMOLIVE COMPANY<br>EMPLOYEES' RETIREMENT INCOME<br>PLAN,<br>Defendants. | Case No. 2:07-cv-793<br><br>Judge Michael H. Watson<br>Magistrate Judge Norah McCann King |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE
TO THE SOUTHERN DISTRICT OF INDIANA

I.   INTRODUCTION

Pursuant to the "first-to-file" rule and 28 U.S.C. § 1404(a), Defendants Colgate-Palmolive Company ("Colgate") and Colgate-Palmolive Company Employees' Retirement Income Plan ("the Plan") (collectively "Defendants") respectfully request that the Court transfer this case to the United States District Court for the Southern District of Indiana ("the Southern District of Indiana"), where a virtually identical case captioned Caufield v. Colgate-Palmolive Company Employees' Retirement Income Plan, No. 4:07-CV-0016SEB-WGH, is already pending. (A copy of the Caufield Complaint is attached as Exhibit A).

Both this lawsuit and the Caufield lawsuit allege that the Plan improperly calculated lump sum benefits under a "whipsaw" theory. (Compl. ¶¶ 22, 30-31; Caufield Compl. ¶¶ 9-11, 22-23). Likewise, both lawsuits purport to bring such claims on behalf of a putative nation-wide class of individuals who received lump sum distributions from the Plan. Indeed, the plaintiffs in this case are members of the putative class in the Caufield case, and Mr. Caufield is a member of the putative class in this case. To promote judicial efficiency, and to avoid duplication, wasted

{H10188834.1}

resources, the risk of inconsistent decisions and unnecessary expense, and pursuant to the "first-to-file" rule, this case should be transferred to the Southern District of Indiana where, ultimately, the two cases can be consolidated. In addition, the Court should transfer this case to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a) because such a transfer would promote the interests of justice and judicial economy, and would eliminate the problems associated with simultaneously adjudicating two identical class actions.

Accordingly, Defendants respectfully request that the Court transfer this case to the Southern District of Indiana.

## II.      RELEVANT FACTUAL BACKGROUND

### A.      On February 12, 2007, Caufield Filed Suit Against The Plan In The Southern District Of Indiana, Seeking To Represent A Nationwide Class Of Plan Participants In ERISA Claims.

On February 12, 2007, Plaintiff Paul Caufield ("Caufield") filed a Complaint against the Plan, alleging that the manner in which his lump sum pension benefit was calculated violated ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g). (Caufield Compl. ¶¶ 22-23). Specifically, Caufield alleges that when he retired in February 1999, the Plan paid him a lump sum benefit equal to his cash balance account balance. (Caufield Compl. ¶¶ 9-11). He claims, however, that the Plan was required to pay him a higher amount, based on the value of his normal retirement benefit discounted to present value using the statutory interest rate and mortality table established by Congress in 29 U.S.C. §§ 1053(e) and 1055(g). (Caufield Compl. ¶¶ 9-11, 22-23). Caufield purports to bring this action on behalf of a class of former Plan participants who received lump sum distributions from the Plan, all allegedly calculated in the same manner. (Caufield Compl. ¶¶ 13, 17). Specifically, he seeks to bring a class action on behalf of:

> All participants in the Colgate-Palmolive Company Employees' Retirement Income Plan who received a lump-sum distribution of their pension benefits from the Plan at any time after February 12, 1997.

(Caufield Compl. ¶ 13). Both of the plaintiffs in this case – Abelman and Nutter – are members of the putative class in Caufield.

Caufield alleges that class certification is appropriate "because the Plan computed the lump-sum distributions of the Class members in the same contested manner" and *"there is a risk that the prosecution of separate actions would establish incompatible standards of conduct for the administrator of the Plan."* (Caufield Compl. ¶¶ 14, 15) (emphasis added).[1]

### B. On August 13, 2007, Plaintiffs Paul Abelman And Valerie R. Nutter Filed This Nearly Identical Case Against Colgate And The Plan.

On August 13, 2007, six months after Caufield was first filed in the Southern District of Indiana, Plaintiffs Paul Abelman ("Abelman") and Valerie R. Nutter ("Nutter") filed suit in the United States District Court of the Southern District of Ohio, alleging that the manner in which their lump sum pension benefits were calculated violated ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g). (Compl. ¶¶ 30-31). Specifically, as in Caufield, Abelman and Nutter allege that upon termination of their employment, the Plan paid them lump sum distributions equal to their account balances. (Compl. ¶¶ 15-16, 20-22). Also as in Caufield, Plaintiffs here claim that the Plan was required to pay them a higher amount, based on the value of their normal retirement benefit discounted to present value using the statutory interest rate and mortality table established by Congress in 29 U.S.C. §§ 1053(e) and 1055(g). (Compl. ¶¶ 22, 30-31, 34). Abelman and Nutter purport to bring their action on behalf of a class of former Plan

---

[1] On April 16, 2007, the Plan moved to dismiss Caufield's entire Complaint for failure to state a claim because Plaintiff's claims are time barred under the relevant statutes of limitations. (Caufield, Docket No. 24). On May 15, 2007, Caufield filed a Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, in which he asserted various legal arguments in response to Defendant's Motion to Dismiss. (Caufield, Docket No. 34). That motion is now ripe for the Court's consideration.

participants who received lump sum distributions from the Plan. (Compl. ¶ 34). Mr. Caufield is a putative class member in this case.

Abelman and Nutter allege that certification is appropriate because there are "numerous common questions of fact and law" and "the prosecution of separate actions ... *would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for defendants....*" (Compl. ¶¶ 36, 40) (emphasis added). They further allege that "[a]ll issues concerning liability are common to all Class members because such issues concern their entitlement to benefits calculated in a manner other than that calculated thus far...." (Compl.¶ 36). In addition, they allege that the "computation of a participant's lump sum distribution and the amount of lump sum distribution is standardized ... [and] was calculated in the same manner...." (Compl.¶ 37). They further allege that each class member's rights "will be determined by reference to the same Plan documents and the same provisions of ERISA." (Id.).

### III.   ARGUMENT

#### A.   Under The "First-To-File" Rule, This Case Should Be Transferred To The Southern District Of Indiana, Where The *Caufield* Case Is Pending.

The "first-to-file" rule is a "well established doctrine that encourages comity among federal courts of equal rank. . . . [W]hen actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" Zide Sport Shop of Ohio v. Ed Tobergate Assocs., Inc., 16 Fed. App'x 433, 437 (6th Cir. 2001); see also Smith v. Sec. and Exchange Comm'n, 129 F.3d 356, 361 (6th Cir. 1997) ("courts often proceed ... under the rule of thumb that the entire action should be decided by the court in which an action was first filed."). The first-to-file rule applies when "two suits involving substantially the same parties and purpose have been filed in a

concurrent jurisdiction." Plating Res., Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999) (citation omitted).

In the class action context, district courts within the Sixth Circuit routinely follow the first-to-file rule in transferring purported class actions to other districts where related claims already have been filed. See Allen v. Rohm and Haas Co. Ret. Plan, Civ. A. No. 3:06-CV-25-S, 2006 WL 1980174, at *2 (W.D. Ky. July 10, 2006) (transferring ERISA class action challenging calculation of lump sum benefits to Southern District of Indiana, where similar ERISA class action was filed first); City of Columbus v. Hotels.com, No.2:06-cv-677, 2007 WL 2029036, at **3-5 (S.D. Ohio July 10, 2007) (applying "first-to-file" rule and approving transfer of class action suit to Northern District of Ohio, where nearly identical class action was pending); Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 689-90 (E.D. Tenn. 2005) (transferring FLSA collective action to Ohio under "first-to-file" rule).

### 1. All The Relevant Factors Weigh In Favor Of Transfer Of This Case To The Southern District Of Indiana.

District courts have used three factors to determine whether the first-to-file rule warrants transfer of a case: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. NCR Corp. v. First Fin. Computer Servs., 492 F. Supp. 2d 864 (S.D. Ohio 2007); Strategic Ambulance, Inc. v. Martinez, No. 1:05-CV-598, 2006 WL 462430, at *2 (S.D. Ohio Feb. 24, 2006); Smithers-Oasis Co. v. Clifford Sales & Mktg., 194 F. Supp. 2d 685, 687 (N.D. Ohio 2002). Here, all three factors weigh in favor of transferring this case to the Southern District of Indiana.

#### a. The *Caufield* Action Is The First-Filed Action.

The Caufield case was filed on February 12, 2007, before this case was filed on August 13, 2007. Thus, the first element, the chronology of the two actions, is met. See NCR Corp.,

492 F. Supp. 2d 864 (granting motion to transfer to Texas where similar complaint was filed in Texas several days before complaint in the Southern District of Ohio); Smithers-Oasis Co., 194 F. Supp. 2d at 686-87 (granting motion to transfer to Missouri where similar complaint was filed in Missouri approximately one week before complaint in the Southern District of Ohio).

### b. The Parties In The Two Actions Substantially Overlap.

A "precise identity of parties is simply _not_ required" for the first-to-file rule to apply. City of Columbus, 2007 WL 2029036, at *7 (emphasis added), citing Plating Resources, 47 F. Supp. 2d at 903. As stated in Fuller, the "parties and issues need not be identical .... [r]ather, the crucial inquiry is whether the parties and issues substantially overlap." Fuller, 370 F. Supp. 2d at 688.

There is no question that the parties in this action "substantially overlap" with the parties in Caufield. Although the named plaintiffs are different individuals, both class actions seek certification of essentially the same class of participants who received lump sum benefits from the Plan. Caufield is a member of the proposed class in this action, and Abelman and Nutter are members of the proposed class in Caufield.[2] Both actions challenge the same calculation of

---

[2] The parties in Caufield do not agree as to the applicable statute of limitations for the claims in that action, and the parties to this action also may disagree as to the applicable statute of limitations. However, this should not impact the Court's analysis on this Motion to Transfer. If both actions are permitted to proceed concurrently in different judicial districts, then the same individuals could be subject to different statute of limitations periods in each action. As the Court in Fuller stated, "[t]hat such a confusing result could occur evidences that the collective classes are substantially similar." 370 F. Supp. 2d at 690; Allen, 2006 WL 1980174, at *2, fn.1 (noting that the parties in the Indiana action disagreed as to the applicable statute of limitations and stating that the Court would defer to the Indiana court to address the viability of the claims of the named plaintiff in the Kentucky action).

lump sum benefits under the Plan.³ Thus, the parties "substantially overlap" for purposes of the first-to-file rule, and the rule's second element is met. See Fuller, 370 F. Supp. 2d at 689 (finding substantial overlap between parties in two class actions where the named plaintiffs – although different individuals – were "effectively identical"; both actions sought certification of the same class; and claims were alleged against the same company); City of Columbus, 2007 WL 2029036, at *7 (finding that two class actions involved substantially the same parties where the two cases arose out of the same business practices of the defendant and the putative class in both cases was identical).

### c.   The Issues And The Claims In The Two Actions Are Identical.

Lastly, the issues in the two actions not only "substantially overlap," but they are identical. Fuller, 370 F. Supp. 2d at 690. In both Caufield and this case, the plaintiffs challenge the calculation of lump sum pension benefits under ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053 and 1055. In addition, both cases involve claims that the Plan's conduct "resulted in an impermissible forfeiture of benefits prohibited by ERISA § 203(a) and Internal Revenue Code § 411(a), as implemented by Treasury Regulation § 1.411(a)-4 and 4T." (Compl., ¶ 32; Caufield Compl. ¶ 26).

Moreover, allowing both courts to adjudicate the same legal issues in two different forums is inefficient and impractical. First, the two courts might reach inconsistent results. Second, the parties could not settle one case while the other case remains pending. Of course, judicial resources would be wasted in litigating the same case in multiple forums.

---

³ The addition of Colgate as a named defendant in this action does not defeat the requirement that parties be substantially similar. See Plating Res., 47 F. Supp. 2d at 904 (the addition of one defendant does not defeat the "similarity of the parties" requirement because "precise identity of the parties is not required"); see also Silver Knight Sales & Mktg., Ltd. v. Globex Int'l, Inc., No. 2:06-cv-123, 2006 WL 3230770, at *5 (S.D. Ohio Nov. 6, 2006) (parties were substantially similar, even though the defendant corporation was a separate defendant in one case but not the other case; "the first-to-file rule does not require exact identity of the parties").

Confronted with such a possibility of inconsistent results, the Court in <u>Allen v. Rohm and Haas Co. Ret. Plan</u>, Civil Action No. 03:06CV-25-S, 2006 WL 1980174 (W.D. Ky. July 10, 2006) applied the first-to-file rule and granted the motion to transfer. The named plaintiff in <u>Allen</u> filed a class action complaint on behalf of himself and other Plan participants, who had received lump sum pension benefits that did not include the value of a cost-of-living adjustment. <u>Id.</u> at *1. However, a different named plaintiff previously had filed a similar class action complaint in the Southern District of Indiana, also alleging that Rohm and Haas had failed to include an annual cost of living adjustment in lump sum pension benefits. <u>Id.</u> Noting the interest in comity among federal courts, the Court granted the motion to transfer, stating:

> There is no question that the Indiana action is the first-filed action and that comity requires this court to respect the substantial development of the issues which has already taken place in the former case. Allen does not dispute that that he is a member of the class certified by the Indiana court. The issue as to the entitlement of retirees to the value of yearly COLAs is identical in both lawsuits. The action must therefore be transferred to the Southern District of Indiana for all further proceedings.

<u>Id.</u> at *2 (footnote omitted). As in <u>Allen</u>, this Court should grant the Motion to Transfer, and transfer this action to the Southern District of Indiana.

### 2.   Applying The "First-to-File" Rule To Transfer And Eventually Consolidate This Case Will Promote Judicial Economy.

The first-to-file rule "has evolved into a mechanism used to promote judicial efficiency," <u>Plating Resources</u>, 47 F. Supp. 2d at 903, and "the rule's importance should not be disregarded lightly." <u>Smithers-Oasis</u>, 194 F. Supp. 2d at 687 (citations and internal quotations omitted).

Here, sound judicial administration warrants a transfer so that the two cases can be consolidated. Both cases involve ERISA claims on behalf of the same group of individuals challenging the calculation of lump sum distributions from Colgate's cash balance plan. Indeed, both cases seek to certify a nationwide class action because "there is a risk that the prosecution

of separate actions would establish incompatible standards of conduct for the administrator of the Plan." (Caufield Compl. ¶ 14; see also Compl. ¶ 40 ("the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications ...")). These same arguments require transfer of this case so that the two cases can be consolidated. It would be a waste of judicial and the parties' resources to maintain these two cases in separate district courts when the cases involve overlapping parties, claims, evidence, damages, and classes.[4] See Fuller, 370 F. Supp. 2d at 690 ("Permitting both [collective] actions to proceed to judgment risks the possibility of inconsistent results."); City of Columbus, 2007 WL 2029036, at *5 (stating that "it is a waste of judicial resources to litigate the same dispute in two different forums").[5]

### B. Transfer To The Southern District Of Indiana Is Also Appropriate Under 28 U.S.C. § 1404(a).

Consistent with the first-to-file rule, district courts may transfer cases to districts where related actions are pending under 28 U.S.C. § 1404(a).[6] This action should be transferred to the Southern District of Indiana, where similar claims will be determined by a Court in that district.

---

[4] Indeed, it does not make sense to require the Plan Administrator and actuaries to testify in both cases regarding the calculation of lump sum benefits under the Plan.

[5] Fed. R. Civ. P. 42(a) gives district courts broad discretion to consolidate related cases to promote judicial efficiency, eliminate redundancy, and to conserve the parties' and the courts' resources. See Cantrell v. GAF Corp., 999 F.2d 1007, 1010-11 (6th Cir. 1993); BD v. DeBuono, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) (citation omitted). Transferring this action to the Southern District of Indiana would be the first step toward consolidating the two cases for coordinated pre-trial proceedings.

[6] This section provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

and where this action could have been brought.[7]

The ultimate goal of a court in analyzing a motion to transfer venue is to serve both the convenience of the parties and witnesses, as well as the interests of justice. Kay v. Nat'l City Mortgage Co., 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007) (citations omitted). The private interests include ease of access to source of proof; availability of compulsory process for attendance of witnesses; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. at 850 (citations omitted). The public interests include docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, and the court's familiarity with the applicable law. Id. (citations omitted). Courts in the Sixth Circuit have summarized these factors, including: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interests of justice, including such concerns as systemic integrity and fairness. See, e.g., Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991), cert. denied, 502 U.S. 821 (1991); Buckeye Check Cashing of Arizona, Inc., No. 2:06-cv-792, 2007 WL 641824, at *12 (S.D. Ohio Feb. 23, 2007).

---

[7] An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). For ERISA venue purposes, a defendant "resides or may be found" in any district in which its "minimum contacts" would support the exercise of personal jurisdiction. Moore v. Rohm & Haas Co., 446 F.3d 643, 646 (6th Cir. 2006). The minimum contacts standard is satisfied when the "defendant's contacts with the forum state are substantial and continuous and systematic, so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state." Id. (citations and internal quotations omitted). Here, it is undisputed that, by operation of its facilities in the Southern District of Indiana, and by virtue of the Plan's contacts with that district, Defendants have minimum contacts with the Southern District of Indiana. (Caufield Compl. ¶ 4; Declaration of Matthew Faranda ("Faranda Decl."), attached as Exhibit B, at 6).

While most of these factors are inapplicable to the case at hand,[8] several key factors weigh heavily in favor of transfer. Specifically, for all of the reasons previously discussed, allowing this case to proceed in two different forums will undermine the interests of justice, waste the resources of the parties and the courts, and potentially result in inconsistent adjudication of the same issues. Allowing transfer to the Southern District of Indiana will avoid these problems and permit this case to be litigated in the most efficient manner.

The existence of an independently-filed putative class action in the Southern District of Indiana makes transfer appropriate. A "strong public policy" favors consolidation of similar class actions in a single district. Firmani v. Clarke, 325 F. Supp. 689, 693 (D. Del. 1971). Where, as here, transfer "will avoid the possibility of overlapping and competing class actions involving the same claims," transfer is favored under the "interests of justice" prong of Section 1404(a). Hall v. Kittay, 396 F. Supp. 261, 264 (D. Del. 1975) (citations omitted); see also U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd., 357 F. Supp. 2d 924, 937-38 (E.D. Va. 2005) ("The interest of justice weighs heavily in favor of transfer when related actions are pending in the transferee forum. This is particularly so when the two cases are intimately related and hinge upon the same factual nucleus.") (internal quotations omitted). Here, transfer will facilitate the consolidation of the pending class actions while obviating the peril of inconsistent rulings and judgments. See, e.g., Kay v. Nat'l City Mortgage Co., 494 F. Supp. 2d at 854 (stating that under § 1404(a), avoidance of a multiplicity of litigation is an important factor in determining

---

[8] Virtually all of the documents that are potentially relevant to this action, including Plan documents and Plan records, are maintained in New York. (Faranda Decl., at 5). The only documents that may not be in New York are documents in the possession of each class member, which documents likely are located throughout the country where each participant lives. Thus, relevant documents and other evidence will have to be transferred regardless of which court hears the case. Moreover, any potential witnesses in this matter are similarly located in New York. Those individuals with intimate knowledge of the Plan's administration work at Colgate's headquarters in New York. (Faranda Decl. at 4).

what "the interests of justice" require) (citations omitted); Blake v. Family Dollar Stores, Inc., Civ.A. 2:07-CV-361, 2007 WL 1795936, at **3-4 (S.D. Ohio June 19, 2007) (granting motion to transfer to North Carolina under § 1404(a), where similar class actions against defendants also had been transferred to North Carolina); DeMoss v. First Artists Prod. Co., Ltd., 571 F. Supp. 409, 414 (N.D. Ohio 1983) (granting motion to transfer to California, where California court had venue over certain claims, stating "[i]t would make no sense to litigate the claims separately ... the most appropriate action is to consolidate all the claims in one action").

Furthermore, litigating both cases before the same tribunal will result in "more efficient conduct of pretrial discovery, saves witness time and money in both trial and pretrial proceedings, and avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the parties while at the same time serving the public interest." River Road Int'l v. Josephthal Lyon & Ross Inc., 871 F. Supp. 210, 214 (S.D.N.Y. 1995) (citations and internal quotation marks omitted); see also Talent Tree Crystal, Inc. v. DRG, Inc., No. 1:04-CV-875, 2005 WL 3312554, at *5 (W.D. Mich. Dec. 7, 2005) ("Even if the cases are not consolidated, judicial economy is served by placing related claims before the same court."). Accordingly, this case should be transferred to the Southern District of Indiana under 28 U.S.C. § 1404(a).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests this Court transfer this matter to the United States District Court for the Southern District of Indiana.

Dated: September 18, 2007

Respectfully submitted,

/s/ Felix C. Wade
Felix C. Wade (0024462)
Schottenstein, Zox & Dunn Co., LPA
250 West Street
Columbus, Ohio 43215
Tel: (614) 462-2700
Fax: (614) 462-5135
Email: fwade@szd.com
Trial Attorney for Defendants Colgate-Palmolive Company and Colgate-Palmolive Company Employees' Retirement Income Plan

OF COUNSEL:

Eve M. Ellinger   (0073742)
Schottenstein, Zox & Dunn Co., LPA
250 West Street
Columbus, Ohio 43215
Tel: (614) 462-2700
Fax: (614) 462-5135
Email: eellinger@szd.com

Joseph J. Costello* (Pennsylvania Bar No. 44327)
Jeremy P. Blumenfeld (Ohio Supreme Court No. 0068858)
Theresa J. Chung* (Pennsylvania Bar No. 94681)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel.:   215-963-5295/5258/5584
Fax:   877-432-9652
Email: jcostello@morganlewis.com
       jblumenfeld@morganlewis.com
       tchung@morganlewis.com
*Pending *Pro Hac Vice Admission*

Attorneys for Defendants Colgate-Palmolive Company and
Colgate-Palmolive Company Employees' Retirement Income Plan

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, and served via U.S. First Class mail to the following counsel and parties:

>William Henry Blessing, Esq.
>119 East Court Street, Suite 500
>Cincinnati, OH 45202
>
>Eli Gottesdiener, Esq.
>Gottesdiener Law Firm, PLLC
>498 7th Street
>Brooklyn, NY 11215
>
>Attorneys for Plaintiffs
>
>/s/ Eve M. Ellinger
>EVE M. ELLINGER