**IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHARI PROESEL, and<br>PAMELA HOSIE, et al.<br>                             Plaintiffs,<br>    vs.<br><br>COLGATE-PALMOLIVE COMPANY<br>EMPLOYEES' RETIREMENT INCOME<br>PLAN, COLGATE-PALMOLIVE<br>COMPANY, as Plan Administrator,<br>                             Defendants. | Case No. 07-CIV-9515-BSJ-KNF<br><br>Judge Barbara S. Jones<br>Magistrate Judge Kevin N. Fox<br><br>**ELECTRONICALLY FILED** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendants Colgate-Palmolive Company ("Colgate") and Colgate-Palmolive Company Employees' Retirement Income Plan ("the Plan") (collectively "Defendants"), by and through their attorneys, hereby respond to the numbered paragraphs in the Class Action Complaint ("Complaint") as follows:

**INTRODUCTION**

1. Paragraph 1 states conclusions of law to which no responsive pleading is required. In addition, Plaintiff has dismissed Plaintiff Shari Proesel from this action; therefore, no responsive pleading is required in response to allegations regarding Plaintiff Shari Proesel.

2. Defendants admit that the Complaint purports to assert various claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The remaining allegations of Paragraph 2 are conclusions of law to which no responsive pleading is required.

3. Defendants admit that the Complaint purports to assert various claims

under ERISA. The remaining allegations of Paragraph 3 are conclusions of law to which no responsive pleading is required.

4. Defendants admit that Plaintiff seeks certain relief but denies that Plaintiff is entitled to such relief.

### Jurisdiction and Venue

5. Paragraph 5 states conclusions of law to which no responsive pleading is required.

6. Paragraph 6 states conclusions of law to which no responsive pleading is required.

7. Paragraph 7 states conclusions of law to which no responsive pleading is required.

### PARTIES

**Plaintiffs**

8. Plaintiff has dismissed Plaintiff Shari Proesel from this action; therefore, no responsive pleading is required in response to the allegations in Paragraph 8 regarding Plaintiff Proesel.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of where Plaintiff Pamela Hosie ("Hosie") currently resides and therefore deny the same. Defendants admit only that Hosie participated in the Plan during her employment, and that she was employed by Colgate from approximately January 2000 until

March 2006. The remaining allegations of Paragraph 9 state conclusions of law to which no responsive pleading is required.

**Defendants**

10. Defendants admit that the address for the Plan is 300 Park Avenue, New York, NY 10022. The remaining allegations of Paragraph 10 state conclusions of law to which no responsive pleading is required.

11. Defendants admit that Colgate is a corporation that is organized under the laws of the State of Delaware, and that it is headquartered at 300 Park Avenue, New York, New York. Defendants deny that Colgate is the Plan Administrator. The remaining allegations of Paragraph 11 state conclusions of law to which no responsive pleading is required.

## FACTS

**Description of the Plan**

12. Defendants deny the allegations of Paragraph 12; such allegations purport to characterize the terms of the Plan, which contains numerous provisions that speak for themselves.

13. Defendants admit that the Employee Relations Committee is the Plan Administrator. The remaining allegations of Paragraph 13 are denied.

14. Defendants deny the allegations of Paragraph 14; such allegations purport to characterize the terms of the Plan, which contains numerous provisions that speak for themselves.

15. Admitted.

16. Defendants deny the allegations of Paragraph 16; such allegations purport

to characterize the terms of the Plan, which contains numerous provisions that speak for themselves.

   17. Paragraph 17 states conclusions of law to which no responsive pleading is required.

   18. Defendants admit only that effective January 1, 1989, Colgate adopted a cash balance plan. Defendants deny the remaining allegations of Paragraph 18; such allegations purport to characterize the terms of the Plan, which contains numerous provisions that speak for themselves.

   19. Defendants deny the allegations of Paragraph 19; such allegations purport to characterize the terms of the Plan, which contains numerous provisions that speak for themselves.

   20. Defendants deny the allegations of Paragraph 20; such allegations purport to characterize the terms of the Plan, which contains numerous provisions that speak for themselves.

**ERISA's Requirements Concerning Lump Sum Distributions**

   21. Paragraph 21 states conclusions of law to which no responsive pleading is required.

   22. Paragraph 22 states conclusions of law to which no responsive pleading is required.

   23. Paragraph 23 states conclusions of law to which no responsive pleading is required.

   24. Paragraph 24 states conclusions of law to which no responsive pleading is

required.

       25.     Paragraph 25 states conclusions of law to which no responsive pleading is required.

**ERISA's Minimum Accrual Requirements**

       26.     Paragraph 26 states conclusions of law to which no responsive pleading is required.

       27.     Paragraph 27 states conclusions of law to which no responsive pleading is required.

       28.     Paragraph 28 states conclusions of law to which no responsive pleading is required.

       29.     Paragraph 29 states conclusions of law to which no responsive pleading is required.

       30.     Defendants deny the allegations in the first sentence of Paragraph 30; such allegations purport to characterize the terms of the Plan, which contains numerous provisions that speak for themselves. The second sentence of Paragraph 30 states conclusions of law to which no responsive pleading is required.

**ERISA's Age-based Accrual Rules**

       31.     Paragraph 31 states conclusions of law to which no responsive pleading is required.

       32.     Paragraph 32 states conclusions of law to which no responsive pleading is required.

       33.     Paragraph 33 states conclusions of law to which no responsive pleading is

required.

**The Plan Violated ERISA**

34. Defendants deny the allegations in Paragraph 34; such allegations purport to characterize the terms of the Plan, which contains numerous provisions that speak for themselves. In addition, Defendants are incapable of formulating a response to the allegations of Paragraph 34 because the terms "Class Period" and "Discount Rate" are not defined.

35. Denied.

36. Defendants admit that Hosie elected to receive her lump sum benefit in the form of a lump sum in 2006. Plaintiff has dismissed Plaintiff Shari Proesel from this action; therefore, no responsive pleading is required in response to allegations regarding Plaintiff Shari Proesel. Defendants deny the remaining allegations of Paragraph 36.

37. Defendants admit that Plaintiff Hosie received interest credits pursuant to the Plan terms. The remaining allegations of Paragraph 37 are denied.

38. Denied.

**Plaintiffs Were Not Required To Exhaust Administrative Remedies**

39. Defendants admit that Plaintiff Hosie has not filed any formal claim for benefits challenging the legal issues in the Complaint and that the Plan contains a mandatory and detailed internal claim and appeal process. The remaining allegations of Paragraph 39 state conclusions of law for which no responsive pleading is required.

## CLASS ACTION ALLEGATIONS

40. Paragraph 40 states conclusions of law to which no responsive pleading is

6

required.

41. Defendants are incapable of formulating a response to the allegations of Paragraph 41 because the allegations do not form a complete sentence. By way of further response, Defendants state that allegations of Paragraph 41 appear to state conclusions of law to which no responsive pleading is required.

42. Defendants deny the last sentence of Paragraph 42; such allegations purport to characterize the contents of the Plan's IRS Form 5500 Submission, which is a document that speaks for itself. To the extent a responsive pleading is required, Defendants admit only that the proposed class and subclass, as defined in the Complaint, potentially include numerous individuals. The remaining allegations of Paragraph 42 state conclusions of law to which no responsive pleading is required.

43. Paragraph 43, and its subsections (a) through (h), state conclusions of law to which no responsive pleading is required.

44. Paragraph 44 states conclusions of law to which no responsive pleading is required.

45. Paragraph 45 states conclusions of law to which no responsive pleading is required.

46. Paragraph 46 states conclusions of law to which no responsive pleading is required.

47. Paragraph 47 states conclusions of law to which no responsive pleading is required.

## CLAIMS FOR RELIEF

## COUNT ONE

48. Defendants incorporate their responses to Paragraphs 1 through 47 as if set forth herein in full.

49. Denied.

50. Denied.

51. Denied.

## COUNT TWO

### (Lump Sum Subclass Only)

52. Defendants incorporate their responses to Paragraphs 1 through 51 as if set forth herein in full.

53. Denied.

54. Denied.

55. Denied.

## COUNT THREE

56. Defendants incorporate their responses to Paragraphs 1 through 55 as if set forth herein in full.

57. Paragraph 57 states conclusions of law to which no responsive pleading is required.

58. Denied.

59. Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief or damages, including the relief described in the "WHEREFORE" paragraph and its subsections (A) through (F), as well as additional subsections (D) through (F).

WHEREFORE, Defendants respectfully request that the Complaint be dismissed with prejudice, that judgment be entered in Defendants' favor, and that Defendants be awarded the costs of this action, attorneys' fees, and such other relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plan Administrator's interpretation of the Plan is entitled to deference.

### THIRD DEFENSE

Defendants are not liable for any of the harm alleged by Plaintiff.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff filed suit against a party from whom she may not obtain relief.

### FIFTH DEFENSE

At all events, and in all instances, Defendants acted in good faith.

### SIXTH DEFENSE

Some or all of the claims are barred in whole or in part by the applicable statute of limitations period.

**SEVENTH DEFENSE**

Some or all of the claims are barred in whole or in part by a Release of claims.

**EIGHTH DEFENSE**

Some or all of the claims are barred in whole or in part due to a failure to exhaust administrative remedies.

**NINTH DEFENSE**

Some or all of the claims are barred in whole or in part by the Pension Protection Act of 2006.

**TENTH DEFENSE**

Defendants reserve the right to assert additional affirmative defenses that may appear and prove applicable during the course of litigation.


Dated:  January 21, 2008                                Respectfully submitted,


                                                        /s/Theresa J. Chung
                                                        Joseph J. Costello*
                                                        Jeremy P. Blumenfeld*
                                                        Theresa J. Chung (TC3200)
                                                        MORGAN, LEWIS & BOCKIUS LLP
                                                        101 Park Avenue
                                                        New York, New York 10178-0060
                                                        (212) 309-6000
                                                        (212) 309-6001 (fax)

                                                        Attorneys for Defendants Colgate-Palmolive
                                                        Company Employees' Retirement Income Plan and
                                                        Colgate-Palmolive Company

                                                        * Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2008, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, and served via U.S. First Class mail to the following counsel and parties:

>Edgar Pauk (EP 1039)
>144 East 44th Street, Suite 600
>New York, New York 10017
>
>Joseph H. Meltzer
>Edward W. Ciolko
>Joseph A. Weeden
>SCHIFFRIN BARROWAY
>TOPAZ & KESSLER, LLP
>280 King of Prussia Road
>Radnor, Pennsylvania 19087
>
>*Attorneys for Plaintiff Pamela Hosie*

>/s/Theresa J. Chung
>Theresa J. Chung (TC3200)