# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARI PROESEL and PAMELA HOSIE, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| | )Civil Action No.  07-CV-9515-BSJ-KNF |
| v. | ) ) |
| COLGATE-PALMOLIVE COMPANY EMPLOYEE RETIREMENT INCOME PLAN, COLGATE-PALMOLIVE COMPANY, as Plan Administrator, | ) ) ) ) ) ) |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER OF VENUE TO THE SOUTHERN DISTRICT OF INDIANA

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Joseph H. Meltzer, Esq.
Edward W. Ciolko, Esq.
Mark K. Gyandoh, Esq.
Joseph A. Weeden, Esq.
280 King of Prussia Road
Radnor, PA 19087
Tel.: (610) 667-7706
Fax: (610) 667-7056

**EDGAR PAUK, ESQ.**
144 East 44th Street, Suite 600
New York, New York 10017
(212) 983-4000

*Counsel for Plaintiff*

Plaintiff Pamela Hosie ("Plaintiff")[1] respectfully submits this Memorandum in Opposition to Defendants' Motion to Transfer Venue to the Southern District of Indiana.[2] For the following reasons, Plaintiff requests that the Court deny Defendants' motion.

## I.     Introduction

Plaintiff is a participant in the Colgate-Palmolive Company Retirement Income Plan ("the Plan"), a Defendant in this action. This action is brought on Plaintiff's own behalf and on behalf of all similarly situated participants, their beneficiaries and estates, pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiff alleges that when the Plan made lump sum distributions to participants prior to August 17, 2006, when the relevant Plan provisions were amended pursuant to the Pension Protection Act of 2006, it violated the present value calculation rules of ERISA § 203(e)(2), 29 U.S.C. § 1053(e)(2), 205(g)(3), 29 U.S.C. § 1055(g)(3) and IRC § 417(e)(3), resulting in unlawful forfeiture of accrued benefits under ERISA § 203(a), 29 U.S.C. § 1053(a) and I.R.C. § 411(a)(2). *See* Class Action Complaint ("Complaint"), ¶ 2, filed October 24, 2007. Further, Plaintiff alleges that the Plan violated ERISA by failing to comply with any of the minimum accrual requirements delineated in ERISA §§ 204(b)(1)(A)-(C), 29 U.S.C. §§ 1054(b)(1)(A)-(C) and § 204(b)(H), 29 U.S.C. § 1054(b)(1)(H). Complaint, ¶ 3.

Presently, there are three cases pending nationwide, including the instant case, that allege similar claims against overlapping defendants. The first two filed cases are now pending in the Southern District of Indiana – *Caufield v. Colgate-Palmolive Company Employees' Retirement Income Plan*, No. 4:07-cv-0016-EB-WGH (S.D. Ind. Feb. 12, 2007) ("*Caufield*") and *Abelman v.*

---

[1] On January 3, 2008, Plaintiff Shari Proesel filed a voluntary notice of dismissal of claims against Defendants.

[2] The "Memorandum of Law in Support of Defendants' Motion for Transfer of Venue to the Southern District of Indiana" is hereinafter cited as "Defendants' motion" or "Defs. Mem."

*Colgate-Palmolive Co.*, No. 1:07-cv-01554-DFH-JMS (S.D. Ind.) ("*Abelman*"). Notably, all plaintiffs are in agreement that these cases should be transferred to the Southern District of New York, where Plaintiff Hosie's case is pending. To that end, the plaintiffs in *Abelman* moved to have their case transferred to the Southern District of New York[3] and the plaintiff in *Caufield*, in a filing with the court, agreed that New York is the most convenient forum for all parties.[4] Further, as the two cases pending in the Southern District of Indiana are at a nascent stage with no substantive rulings having been entered or substantive briefing taken place, including class certification briefing, there is no reason all three cases should not be heard in the Southern District of New York.

Indeed, as the facts in this case bear out, the Southern District of New York is the most convenient forum for this case to proceed, as well as the other two pending cases. In Defendants' own words:

> Virtually all of the documents that are potentially relevant to this action, including Plan documents and Plan records, are maintained in New York. The only documents that may not be in New York are documents in the possession of each class member, which documents likely are located throughout the country where each participant lives. Thus, relevant documents and other evidence will have to be transferred regardless of which court hears the case. Moreover, any potential witnesses in this matter are similarly located in New York. Those individuals with intimate knowledge of the Plan's administration work at Colgate's headquarters in New York.[5]

---

[3] *See* "Plaintiffs' Motion to Transfer Venue and to Stay Proceedings Pending a Ruling on This Motion" filed in *Abelman* (Ex. "A").

[4] *See* "Plaintiff's Supplemental Response to Order to Show Cause Why Stay Should Not be Lifted" filed in *Caufield* (Ex. "B").

[5] *See* "Memorandum of Law in Support of Defendants' Motion to Transfer Venue to the Southern District of Indiana" filed in *Abelman v. Colgate-Palmolive Co.*, No. 2:07-cv-0793-MHW-NMK (S.D. Oh. Sept. 18, 2007), p. 11, n.8 (Ex. "C").

These factors are persuasive and defeat the application of the first-to-file rule which Defendants seek to invoke in order to have this matter transferred to the Southern District of Indiana. Accordingly, for the convenience of the parties and to conserve both the Court's and parties' resources, the Court should deny Defendants' motion.

## II.    Procedural Background[6]

The *Caufield* complaint was filed on February 12, 2007 in the Southern District of Indiana against the Plan, alleging violations of ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g) with regard to the manner in which plaintiff's lump sum pension benefits were calculated. On August 13, 2007, the *Abelman* complaint was filed in the Southern District of Ohio alleging similar claims against the Plan, the Company, and the Company's Employee Relations Committee. Defendants successfully moved to transfer the *Abelman* case to the Southern District of Indiana. Transfer was ordered on November 28, 2007. On October 24, 2007, Plaintiff in the instant matter filed his action in this district. As noted above, the case *at bar* alleges claims similar to those in *Caufield* and *Abelman* against the Plan and the Company. Importantly, the Plan is administered in New York and the Company's headquarters is located in New York.

On January 15, 2008, the *Abelman* plaintiffs moved to transfer their action to the Southern District of New York to be consolidated with the instant matter. *See* Ex. "A." The *Caufield* Plaintiff supports this motion. In a filing with the Court, he stated that "to help the Court resolve the convoluted situation created by the competing transfer motions filed regarding the three lawsuits, Plaintiff hereby advises the Court that he does not object to his case being consolidated with *Abelman* or both cases being transferred to the Southern District of New York.

---

[6] Plaintiff Hosie does not dispute Defendants' recitation of the relevant procedural background (*see* Def. Mem. at 2-5) but supplements it herein to the extent it is incomplete.

. . ." *See* Ex. "B" at 2. Plaintiff Hosie hereby incorporates by reference these two filings and the arguments made therein by the *Abelman* and *Hosie* plaintiffs.

**III.    Argument**

    **A.    Courts in the Second Circuit Have Discretion in Whether to Apply the First-to-File Rule**

        The first to file doctrine, while useful in certain circumstances, is not mandatory and should be applied only when warranted by the interests of efficiency. As this Court has observed, "the presumption in favor of the forum of the first-filed suit is not to be applied in a 'rigid' or 'mechanical' way." *Columbia Pictures Indus. Inc. v. Schneider*, 435 F. Supp. 742, 747 (S.D.N.Y. 1977). Rather, courts may "depart from the rule if the balance of convenience warrants transfer of the case to the forum where the second suit was filed." *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 55-56 (S.D.N.Y. 2001); *see also, Citigroup Inc. v. City Holding Co.,* 97 F. Supp. 2d 549, 560 (S.D.N.Y. 2000). Here, where the Plan was maintained and administered within this judicial district, it is sensible to coordinate the litigation here.

        Moreover, Defendants have failed to meet their burden that this action should be transferred to the Southern District of Indiana. "There can be no doubt that the burden is on the defendant, when it is the moving party, to establish that there should be a change of forum." *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir. 1978). Defendants do not (nor can they, credibly) rely on arguments concerning the convenience of witnesses or parties, but rest their entire argument on the first-filed rule. *Id.* "*Pro Arts* did not even urge the convenience of witnesses and parties as a ground for a 1404(a) transfer." *Factors*, 579 F.2d at 218 (denying motion to transfer).

        Because the rule is not inflexible, but conditional, Defendants' burden is not met merely by showing which action was filed first, but requires a showing that the rule is not trumped by

the balance of convenience or special circumstances. Thus, Defendants have not met their burden of proof in their motion to transfer. "Weighing the balance of convenience under the first-filed rule involves consideration of the same factors that apply to the determination of whether transfer is appropriate under 28 U.S.C. § 1404(a)." *Reliance,* 155 F. Supp. 2d at 56 (*citing S-Fer Int'l, Inc. v. Paladion Partners, Ltd.*, 906 F. Supp. 211, 216 (S.D.N.Y. 1995); *see also, 800-Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F. Supp. 128, 133 (S.D.N.Y. 1994); *Ivy-Mar Co., Inc. v. Weber-Stephen Prods., Co.*, No. 93-cv-05973, 1993 WL 535166, at *2 (S.D.N.Y. Dec. 22, 1993); *Winterthur Int'l Am. Ins. Co. v. Bank of Montreal*, No. 02-cv-06889, 2002 WL 31521102 (S.D.N.Y. Nov. 13, 2002) ("In considering a departure from the first-filed rule based on a balance of conveniences, a court evaluates the same factors considered on a motion to transfer pursuant to 28 USC 1404(a).")

An evaluation of the § 1404(a) factors, as demonstrated below, favors jurisdiction litigating these actions in the Southern District of New York.

### B.    The Balance of Convenience Clearly Weighs in Favor of Venue In the Southern District of New York

In determining whether to transfer a case, courts are guided by the following factors: (1) the convenience of witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of the operative facts, (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7)  a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum, and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *Reliance,* 155 F. Supp. 2d at 56-57; *Ivy-Mar Co., Inc.*, 1993 WL 535166 at *4.

1.    **Convenience of Witnesses; Location of Relevant Documents; and Convenience of the Parties**

The first three factors the Court must examine clearly favor New York as the preferred forum for this case. As noted above, in an earlier filing to transfer the *Abelman* case from the Southern District of Ohio to the Southern District of Indiana, Defendants stated:

> *Virtually all of the documents that are potentially relevant to this action, including Plan documents and Plan records, are maintained in New York.* The only documents that may not be in New York are documents in the possession of each class member, which documents likely are located throughout the country where each participant lives. Thus, relevant documents and other evidence will have to be transferred regardless of which court hears the case. *Moreover, any potential witnesses in this matter are similarly located in New York. Those individuals with intimate knowledge of the Plan's administration work at Colgate's headquarters in New York.*

Ex. "C," at 11, fn 8 (emphasis added). As such, venue is most appropriate in New York. *See In re Washington Mutual, Inc. Secs., Derivative & "ERISA" Litig.,* MDL No. 1919 (Feb. 21, 2008) (transferring case to Western District of Washington for among other reasons that the Defendant was headquartered in that jurisdiction and relevant documents and witnesses will likely be located there.).

Moreover, Defendants do not, and in fact, cannot, deny that the location of most, if not all, relevant documents will be in New York where the Plan was administered and the Company is headquartered. Defendants do not deny that access to such evidence is going to be far easier in New York than in Indiana.

The convenience of the witnesses, also favors transfer to New York. If there are to be evidentiary hearings or a trial, non-party witnesses are more likely to find New York far more convenient than Indiana. Additionally, the convenience to the parties strongly favors New York as the appropriate venue. All of the parties either reside in New York, favor transfer to New

York or do not oppose transfer to New York. It will also be far easier for plaintiffs and other class members to attend court hearings in New York, as it is a large city, easily accessible by multiple methods of transportation. It will obviously be far more convenient to Colgate, which is headquartered in New York, to litigate in New York than in Indiana.

### 2. Locus of the Operative Facts

The locus of operative facts confirms that New York is the appropriate forum. The Plan was designed and is administered in New York, and Colgate, a New York corporation, is headquartered in this district. *See* Complaint ¶6. Moreover, most of the Plaintiffs lived, worked, earned their pension benefits and were allegedly underpaid in violation of ERISA in New York as well.

### 3. Availability of Process to Compel Attendance

That all pertinent witnesses will be in the New York area is undisputable. Moreover, non-party witnesses possibly needed for trial would likely be within the forum's subpoena power. For instance, Plaintiffs may seek to present the testimony of former Colgate employees regarding the design and administration of the Plan who reside in the New York area. Were this case transferred to the Southern District of Indiana, these potential witnesses would be outside the scope of that District Court's subpoena power but not outside the subpoena power of the Southern District of New York.

### 4. Relative Means of the Parties

There would not be any additional financial burden of litigating this matter in New York as opposed to Indiana. In fact, since both parties either reside in or near New York, litigating this case in New York would benefit both parties.

### 5.     A Forum's Familiarity of Governing Law

This district is clearly familiar with ERISA and its requirements. *See In re AOL Time Warner Inc. Secs. Litig.,* 235 F. Supp. 2d 1380, 1381 (J.P.M.L. 2002) (transferring ERISA action, among other actions, to the Southern District of New York because it was "a district . . . [that] possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require.")   Moreover, the issues in this matter present questions of federal law so no other jurisdiction would be in a better position to adjudicate the issues in this case than the Southern District of New York.

### 6.     Weight Accorded A Plaintiff's Choice of Forum

All plaintiffs in the three pending cases have indicated their choice of forum is New York.   In filings with the Court both the *Abelman* and *Caufield* plaintiffs have expressed eagerness to have all three matters litigated in New York.   Moreover, the fact that the case is pled as a class action only heightens the deference that should be accorded Plaintiffs' preference because much of the rest of the proposed Class lived, worked, earned their pension benefits and were allegedly underpaid in New York. *See In re Warrick,* 70 F.3d 736, 741 & n.7 (2d Cir. 1995) (plaintiff's choice of forum in proposed ERISA class action entitled to "substantial deference" where sponsor was headquartered and plan administered and where it was "thus reasonable to assume that a disproportionate share of the putative class members reside").

Moreover, Under ERISA § 502(e)(2), an action "may be brought in the district [1] where the plan is administered, [2] where the breach took place, or [3] where a defendant resides or [4] may be found." 29 U.S.C. § 1132(e)(2).   That Defendants reside and may be found in New York should be clear.

### 7.    Trial Efficiency and the Interests of Justice

Obviously, with all pertinent evidence and witnesses residing in New York it will clearly be more efficient to conduct trial in New York. Moreover, none of the counsel in the instant matter are from Indiana. *See William Gluckin Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 180 (2d Cir. 1969) ("All counsel are from New York . . . .") Here both Plaintiff and Defendants have counsel from New York. Additionally, with both the *Abelman* and *Caufield* plaintiffs petitioning their respective courts to transfer their respective cases to New York, the interests of justice and efficiency require that the instant case remain in New York.

## IV.    Conclusion

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendants' Motion to Transfer Venue in its entirety.

DATED: February 21, 2008                **EDGAR PAUK, ESQ.**


By:  _/s/ Edgar Pauk_____
     Edgar Pauk (EP 1039)
     144 East 44th Street, Suite 600
     New York, New York 10017
     (212) 983-4000

     **SCHIFFRIN BARROWAY**
     **TOPAZ & KESSLER, LLP**
     Joseph H. Meltzer
     Edward W. Ciolko
     Mark K. Gyandoh
     Joseph A. Weeden
     280 King of Prussia Road
     Radnor, Pennsylvania 19087
     Telephone: (610) 667-7706
     Facsimile: (610) 667-7056

     *Attorneys for Plaintiffs*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **PAUL ABELMAN,** *et al.* | ) |
| | ) |
| **On behalf of themselves and** | ) |
| **All others similarly situated** | ) |
| | ) |
| **Plaintiffs,** | ) **Cause No. 1:07-cv-01554-DFH-JMS** |
| | ) |
| **v.** | ) |
| | ) |
| **COLGATE-PALMOLIVE CO.,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' MOTION TO TRANSFER VENUE AND TO STAY**
**PROCEEDINGS PENDING A RULING ON THIS MOTION**

On November 28, 2007, this putative ERISA class action (*Abelman*), originally

filed in the Southern District of Ohio in August 2007, was transferred here on

Defendants' motion brought under 28 U.S.C. § 1404(a) and the first-to-file rule. *See*

Docs. 8, 35, *Abelman, et al. v. Colgate-Palmolive Co., et. al.,* 2:07-cv-00793-MHW-

NMK (S.D. Ohio). The ostensible reason for the transfer was so this case could be

consolidated with an earlier-filed, related case, *Caufield v. Colgate-Palmolive Company*

*Employees' Retirement Income Plan,* No. 4:07-CV-0016SEB-WGH (S.D. Ind) where a

fully-briefed motion to dismiss on statute of limitations grounds was (and is currently)

pending before Judge Barker, *see* Docs. 24-25, *Caufield*. To the Ohio District Court,

Defendant Colgate-Palmolive Company ("Colgate") and Defendant Colgate-Palmolive

Company Employees' Retirement Income Plan (the "Plan") argued that *Abelman's*

transfer here was required "[t]o promote judicial efficiency, and to avoid duplication,

wasted resources, the risk of inconsistent decisions and unnecessary expense." Doc. 12 at

1-2, *Abelman* S.D. Ohio.

Yet once this case arrived in this District, the Plan (one of the two defendants here

but the sole defendant in *Caufield*) seemed to forget all about that, telling Judge Barker in

December that she should go ahead and rule on the Plan's limitations arguments, *see*

*Caufield* Doc. 57 at 1, without awaiting the consolidation of this case with *Caufield,* even

though Defendants have repeated in their motion to partially dismiss *Abelman* (Docs. 9-

10) the exact limitations arguments asserted in *Caufield.*[1]

Proceeding in this fashion runs directly contrary to the purposes Defendants said

they sought to promote by dislodging *Abelman* from Ohio in the first place.  Defendants

specifically argued that "allowing [*Abelman*] case to proceed in two different forums will

undermine the interests of justice, waste the resources of the parties and the courts, and

potentially result in inconsistent ad.judication of the same issues. **Allowing transfer to**

**the Southern District of Indiana will avoid these problems** and permit this case to be

litigated in the most efficient manner." Doc. 12 at 1-2, *Abelman* S.D. Ohio (emphasis

added).  But in urging a separate ruling by a separate judge on a separate motion to

dismiss, Defendants risk re-creating the identical problems they said required *Abelman*'s

transfer.  Indeed, should Judge Barker happen to endorse one or more of the Plan's

asserted grounds for having Mr. Caufield's case dismissed as time-barred, some of the

*Abelman* Plaintiffs may find themselves time-barred, practically speaking, without ever

being given the opportunity to be heard, something which Defendants promised the Ohio

court would *not* happen if *Abelman* were transferred here.  Doc. 21, *Abelman* S.D. Ohio

---

[1] In this case, Defendants have not moved to dismiss an anti-backloading claim raised by the
*Abelman* plaintiffs that is not contained in the *Caufield* complaint. *See* Docs. 9-10, and Doc. 8
(Answer).

at 6 ("The only efficient use of the Court's and the parties' resources in this case is to transfer this case to Indiana without delay so that the court in the first-filed action can decide the merits of this case, with the benefit of briefing from **all** parties") (emphasis added).[2]

Plaintiffs were about to send this Court a Local Rule 16.2 statement of the action which they considered appropriate that this Court take in light of all this, when, because of a mailing Defendants misdirected to undersigned counsel, they learned that there is in fact a ***third*** related case, the existence of which the Plan failed to disclose to this Court in its Notice of Related Action (Doc. 6, referencing only *Caufield*) and failed to disclose to Judge Barker in re-urging her to issue dispositive rulings in *Caufield* alone. This third related case *Proesel v. Colgate-Palmolive Company Employees' Retirement Income Plan, et al.,* 1:07-cv-09515-BSJ (S.D.N.Y.), was filed in the Southern District of New York and served on Defendants in late October 2007, and counsel for Defendants here and the Plan in *Caufield* entered their appearances in that case in **early November**. *See* Ex. 1, *Proesel* Docket entries. Rather than alert Judge Barker to the existence of the New York action and file a simple transfer motion modeled on the one they had filed in *Abelman,* Defendants sought and obtained an extension of time until **late January** to respond to the *Proesel* complaint. *See* Doc. 7, *Proesel.* Confronted last week with their failure to disclose the existence of the New York action to, in particular, Judge Barker, Defendants said they intend to move to transfer the New York case to Indiana but would not and/or could not explain why as of last week, two months after they entered their appearance in

---

[2] Filing a Notice of Related Action in this case (Doc. 6) and noting that for Judge Barker (Doc. 57, *Caufield*) does not change the fact that Defendants are currently seeking separate rulings by separate judges on identical issues in putative class actions with overlapping classes.

3

that action, they had not done so.[3]

"For the convenience of the parties and witnesses, and in the interest of justice,"

28 U.S.C. § 1404(a), this case, and *Caufield,* should be consolidated with the New York

action in New York. Colgate-Palmolive Co. is a New York corporation, headquartered in

New York. Doc. 10 at 18, *Abelman* S.D. Ind. The Colgate Plan is administered in New

York and the Plan Administrator located in New York. *Id.* The *Abelman* Plaintiffs did

not want to be transferred from Ohio but now that they have been and it turns out there is

a third case in New York, they submit New York is clearly the most convenient for

consolidation of the three actions. As Defendants themselves pointed out:

> Virtually all of the documents that are potentially relevant to this action,
> including Plan documents and Plan records, are maintained in New York.
> The only documents that may not be in New York are documents in the
> possession of each class member, which documents likely are located
> throughout the country where each participant lives. Thus, relevant
> documents and other evidence will have to be transferred regardless of
> which court hears the case. Moreover, any potential witnesses in this
> matter are similarly located in New York. Those individuals with intimate
> knowledge of the Plan's administration work at Colgate's headquarters in
> New York.

Doc. at 11 n.8 (citations to supporting declaration omitted).[4]

In addition, Defendants are arguing in both *Caufield* and *Abelman* that New York

law should be applied in determining whether many of the claims asserted should even be

permitted to go forward in light of statute of limitations concerns because "New York has

---

[3] Defendants filed their transfer motion in *Abelman* in Ohio within a month of service of the
complaint. An hour or two's word processing work, in essence, is all it would have taken to have
transformed the *Abelman* motion to transfer into a *Proesel* motion to transfer which still has not
been filed.

[4] Venue is clearly proper in the Southern District of New York, indeed for each of the four
alternative bases for venue provided by ERISA. ERISA § 502(e), 29 U.S.C. 1132(e) ("may be
brought in the district where the plan is administered, where the breach took place, or where a
defendant resides or may be found").

the 'most significant relationship' to the claims alleged." Doc. 25 at 13, *Caufield* (citation omitted); *see also id.* ("New York is the only jurisdiction with which (for purposes of this litigation) all the putative class members have any meaningful contact"); Doc. 10 at 19, *Abelman,* S.D. Ind. According to what Defendants themselves find relevant, it is a mystery that Defendants themselves have not initiated transfer of *Abelman* and *Caufield* to New York.[5]

Be that as it may, Defendants, through counsel, were unable and/or unwilling to explain why, for well over 2 months, they failed to disclose the existence of the New York action to this Court (Defendants omitted mention of this fact in their Notice of Related Action, Doc. 6, a full month after filing their appearance in *Proesel*), and to Judge Barker (in urging her to reach the merits of *Caufield* knowing there were two overlapping cases then pending before two different judges and that Judge Barker would otherwise have no way of knowing that). The only thing Defendants could or would say by way of explanation was that they did not disclose the existence of the New York action is that they did not believe they had an affirmative ethical obligation to do so and that they believe consolidation in Indiana is appropriate forum under the first-to-file rule.

Defendants' first-to-file contention lacks merit. The fact that *Caufield* was filed here first is irrelevant at this point or at least cannot overcome all of the compelling § 1404(a) reasons Defendants themselves placed into the record indicating consolidation the three cases in New York is the best solution. Indeed, many of the concerns reflected in the first-filed rule center on the first-filing **plaintiff**, not defendants, and in this case, Mr. Caufield, through counsel, has informed undersigned counsel that he would not

---

[5] Plaintiffs, who last week invited Defendants to file a transfer motion, are only filing the instant motion because it appears that Defendants will not do so.

oppose consolidation of the three cases in New York.[6] Nor would a transfer of *Caufield*

to New York risk any meaningful loss of judicial economy or efficiency because nothing

of substance has yet happened in *Caufield*. The parties may have briefed the limitations

issue but there is no indication that Judge Barker has set to work on resolving it. The

parties certainly have not appeared before her for oral argument (or otherwise) and the

backloading claims raised in *Abelman* which Defendants have not moved to dismiss are

not even presented in *Caufield* though they are in the New York action.

### Conclusion

This action should be transferred to the Southern District of New York. Pending

a ruling on this instant motion, the consolidation of all three cases and the filing of one

consolidated and amended complaint, further proceedings on Defendants' motion for

partial dismissal the *Abelman* complaint be stayed.[7]

---

[6] The same is true, not surprisingly, in the case of the plaintiff in *Proesel*: her counsel have informed undersigned counsel that they are not opposed to *Abelman* and *Caufield* being consolidated with their case in New York.

[7] Since Wednesday, January 9, 2008, when Plaintiffs first apprised Defendants of Plaintiffs' discovery of the existence of *Proesel,* Plaintiffs have been trying to ascertain Defendants' position as to whether they would oppose a brief stay of proceedings until the venue question is sorted out. Despite a reiterated request during a second lengthy telephone conversation on Friday, January 11, 2009, Plaintiffs have received no answer as of noon today, Tuesday, January 15, 2009. *Compare* Doc. 21 at 7, *Abelman* S.D. Ohio (Defendants arguing that "[a]llowing two separate courts to adjudicate the same legal issues on behalf of the same putative class is inefficient, impractical, and, in this case, wholly avoidable and unnecessary").

Dated: January 15, 2008                    Respectfully submitted,


                                            _____ /s *Eli Gottesdiener*
                                            Eli Gottesdiener
                                            Gottesdiener Law Firm, PLLC
                                            498 7th Street
                                            Brooklyn, New York 11215
                                            Phone:  (718) 788-1500
                                            Fax:       (718) 788-1650
                                            Email:    eli@gottesdienerlaw.com

                                            *Counsel for Plaintiffs and the proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2008, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Defendants, through below listed counsel, by operation of the Court's electronic filing system.

> Joseph J. Costello
> Jeremy P. Blumenfeld
> Theresa J. Chung
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA 19103
>
> Ellen E. Boshkoff
> Philip J. Gutwein II
> Baker & Daniels LLP
> 300 North Meridian Street, Suite 2700
> Indianapolis, Indiana 46204

> _/s/Eli Gottesdiener_
> Eli Gottesdiener

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAUL CAUFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | )    Cause No. 4:07-cv-00016-SEB-WGH |
| vs. | ) |
| | ) |
| COLGATE-PALMOLIVE COMPANY | ) |
| EMPLOYEES' RETIREMENT INCOME | ) |
| PLAN, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO
## <u>ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE LIFTED</u>

Plaintiff files this supplemental response to inform the Court of proceedings in related

case <u>Abelman v. Colgate-Palmolive Co., et al.</u>, Case No. 1:07-cv-01554-DFH-JMS ("<u>Abelman</u>")

and a *third* related action pending in the Southern District of New York of which the Court may

not be aware – <u>Proesel v. Colgate-Palmolive Co. Employees' Ret. Income Plan, et al.</u>, Case No.

1:07-cv-09515-BSJ ("<u>Proesel</u>").

Defendant successfully sought to have <u>Abelman</u> transferred from the Southern District of

Ohio to this District to be consolidated with this case. <u>Abelman</u> is currently assigned to Judge

Hamilton, but defendant asked that <u>Abelman</u> be transferred to your Honor under S.D. Ind. L.R.

40.1(f) in its Notice of Related Action (<u>Abelman</u> Doc. 6).

On January 15, 2008, the <u>Abelman</u> plaintiffs moved to transfer <u>Abelman</u> to the Southern

District of New York to be consolidated with <u>Proesel</u>. *See* "Plaintiffs' Motion to Transfer Venue

and to Stay Proceedings Pending a Ruling on this Motion," attached as Exhibit 1. Although

<u>Proesel</u> was filed in October 2007, Defendant has inexplicably failed to make this Court or Judge

Hamilton aware of <u>Proesel</u>. Further, the defendant in <u>Proesel</u> recently moved to transfer <u>Proesel</u>

to this district to be consolidated with this case and Abelman. *See* "Memorandum of Law in Support of Motion for Transfer of Venue to the Southern District of Indiana," attached as Exhibit 2.

In an attempt to help the Court resolve the convoluted situation created by the competing transfer motions filed regarding the three lawsuits, Plaintiff hereby advises the Court that he does not object to his case being consolidated with Abelman or to both cases being transferred to the Southern District of New York under 28 U.S.C. § 1404(a) to be consolidated with Proesel, if the Court determines that to be the appropriate course of action. Indeed, while Plaintiff is content litigating before this Court, the addition of the Proesel case suggests that New York may be the most convenient forum for all parties.

Venue is clearly proper in the Southern District of New York under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), in that it is the district "where the plan is administered," and "where a defendant resides or may be found." Defendant can have no objection to this case being transferred to the Southern District of New York along with Abelman. In its Motion to Dismiss, Defendant averred that New York is where Colgate-Palmolive's headquarters are located, where the Plan administrator is located and where the Plan is administered. *See* "Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint" (Doc. 25) at page 18. In its motion to transfer Abelman to this District, defendant also asserted:

> Virtually all of the documents that are potentially relevant to this action, including Plan documents and Plan records, are maintained in New York. The only documents that may not be in New York are documents in the possession of each class member, which documents likely are located throughout the country where each participant lives. Thus, relevant documents and other evidence will have to be transferred regardless of which court hears the case. Moreover, any potential witnesses in this matter are similarly located in New York. Those individuals

2

with intimate knowledge of the Plan's administration work at Colgate's headquarters in New York.

*See* "Memorandum of Law in Support of Defendants' Motion to Transfer Venue to the Southern District of Indiana" at p.11, n.8 (internal citations omitted), attached as Exhibit 3. Further, this case has been stayed at Defendant's request for most of its life, so a transfer to New York would not appear to result in wasted judicial time or resources.

/s/ Douglas R. Sprong
Douglas R. Sprong
Diane Moore Heitman
Korein Tillery, LLC
One US Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844 - Telephone
(314) 241-3525 - Facsimile
dsprong@koreintillery.com
dheitman@koreintillery.com

William K. Carr
Law Offices of William K. Carr
2222 E. Tennessee Avenue
Denver, CO 80209
(303) 296-6383 - Telephone
(303) 296-6652 - Facsimile
Firm@pension-law.com

T.J. Smith
T.J. Smith, LLC
600 West Main Street, Suite 200
Louisville, KY 40202
(502) 589-2560 - Telephone
(502) 568-3600 - Facsimile
Tjsmith@smithhelman.com

*Attorneys for Plaintiff*

3

**CERTIFICATE OF SERVICE**

A copy of the foregoing was e-mailed on February 13, 2008, per the Court's electronic filing system, to:

Theresa J. Chung
Joseph J. Costello
Jeremy P. Blumenfeld
Brandi T. Johnson
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5295/5258/5584 - Telephone
(215) 963-5001 - Facsimile
tchung@morganlewis.com
jcostello@morganlewis.com
jblumenfeld@morganlewis.com
btjohnson@morganlewis.com

Ellen E. Boshkoff
Philip J. Gutwein II
BAKER & DANIELS LLP
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204
(317) 237-0300 - Telephone
(317) 237-1000 - Facsimile
ellen.boshkoff@bakerd.com
philip.gutwein@bakerd.com

*Attorneys for Defendant*

/s/ Douglas R. Sprong

4

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| PAUL ABELMAN, and VALERIE R. NUTTER, | |
| Plaintiffs, | |
| vs. | Case No. 2:07-cv-793 |
| COLGATE-PALMOLIVE COMPANY, and COLGATE-PALMOLIVE COMPANY EMPLOYEES' RETIREMENT INCOME PLAN, | Judge Michael H. Watson Magistrate Judge Norah McCann King |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO TRANSFER VENUE**
**TO THE SOUTHERN DISTRICT OF INDIANA**

## I.    INTRODUCTION

Pursuant to the "first-to-file" rule and 28 U.S.C. § 1404(a), Defendants Colgate-Palmolive Company ("Colgate") and Colgate-Palmolive Company Employees' Retirement Income Plan ("the Plan") (collectively "Defendants") respectfully request that the Court transfer this case to the United States District Court for the Southern District of Indiana ("the Southern District of Indiana"), where a virtually identical case captioned Caufield v. Colgate-Palmolive Company Employees' Retirement Income Plan, No. 4:07-CV-0016SEB-WGH, is already pending. (A copy of the Caufield Complaint is attached as Exhibit A).

Both this lawsuit and the Caufield lawsuit allege that the Plan improperly calculated lump sum benefits under a "whipsaw" theory. (Compl. ¶¶ 22, 30-31; Caufield Compl. ¶¶ 9-11, 22-23). Likewise, both lawsuits purport to bring such claims on behalf of a putative nation-wide class of individuals who received lump sum distributions from the Plan. Indeed, the plaintiffs in this case are members of the putative class in the Caufield case, and Mr. Caufield is a member of the putative class in this case. To promote judicial efficiency, and to avoid duplication, wasted

{H1018834 1 }

resources, the risk of inconsistent decisions and unnecessary expense, and pursuant to the "first-to-file" rule, this case should be transferred to the Southern District of Indiana where, ultimately, the two cases can be consolidated. In addition, the Court should transfer this case to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a) because such a transfer would promote the interests of justice and judicial economy, and would eliminate the problems associated with simultaneously adjudicating two identical class actions.

Accordingly, Defendants respectfully request that the Court transfer this case to the Southern District of Indiana.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    On February 12, 2007, Caufield Filed Suit Against The Plan In The Southern District Of Indiana, Seeking To Represent A Nationwide Class Of Plan Participants In ERISA Claims.

On February 12, 2007, Plaintiff Paul Caufield ("Caufield") filed a Complaint against the Plan, alleging that the manner in which his lump sum pension benefit was calculated violated ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g). (Caufield Compl. ¶¶ 22-23). Specifically, Caufield alleges that when he retired in February 1999, the Plan paid him a lump sum benefit equal to his cash balance account balance. (Caufield Compl. ¶¶ 9-11). He claims, however, that the Plan was required to pay him a higher amount, based on the value of his normal retirement benefit discounted to present value using the statutory interest rate and mortality table established by Congress in 29 U.S.C. §§ 1053(e) and 1055(g). (Caufield Compl. ¶¶ 9-11, 22-23). Caufield purports to bring this action on behalf of a class of former Plan participants who received lump sum distributions from the Plan, all allegedly calculated in the same manner. (Caufield Compl. ¶¶ 13, 17). Specifically, he seeks to bring a class action on behalf of:

> All participants in the Colgate-Palmolive Company Employees' Retirement Income Plan who received a lump-sum distribution of their pension benefits from the Plan at any time after February 12, 1997.

(Caufield Compl. ¶ 13). Both of the plaintiffs in this case – Abelman and Nutter – are members of the putative class in Caufield.

Caufield alleges that class certification is appropriate "because the Plan computed the lump-sum distributions of the Class members in the same contested manner" and "*there is a risk that the prosecution of separate actions would establish incompatible standards of conduct for the administrator of the Plan*." (Caufield Compl. ¶¶ 14, 15) (emphasis added).[1]

## B. On August 13, 2007, Plaintiffs Paul Abelman And Valerie R. Nutter Filed This Nearly Identical Case Against Colgate And The Plan.

On August 13, 2007, six months after Caufield was first filed in the Southern District of Indiana, Plaintiffs Paul Abelman ("Abelman") and Valerie R. Nutter ("Nutter") filed suit in the United States District Court of the Southern District of Ohio, alleging that the manner in which their lump sum pension benefits were calculated violated ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g). (Compl. ¶¶ 30-31). Specifically, as in Caufield, Abelman and Nutter allege that upon termination of their employment, the Plan paid them lump sum distributions equal to their account balances. (Compl. ¶¶ 15-16, 20-22). Also as in Caufield, Plaintiffs here claim that the Plan was required to pay them a higher amount, based on the value of their normal retirement benefit discounted to present value using the statutory interest rate and mortality table established by Congress in 29 U.S.C. §§ 1053(e) and 1055(g). (Compl. ¶¶ 22, 30-31, 34). Abelman and Nutter purport to bring their action on behalf of a class of former Plan

---

[1] On April 16, 2007, the Plan moved to dismiss Caufield's entire Complaint for failure to state a claim because Plaintiff's claims are time barred under the relevant statutes of limitations. (Caufield, Docket No. 24). On May 15, 2007, Caufield filed a Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, in which he asserted various legal arguments in response to Defendant's Motion to Dismiss. (Caufield, Docket No. 34). That motion is now ripe for the Court's consideration.

participants who received lump sum distributions from the Plan. (Compl. ¶ 34). Mr. Caufield is a putative class member in this case.

Abelman and Nutter allege that certification is appropriate because there are "numerous common questions of fact and law" and "the prosecution of separate actions ... *would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for defendants....*" (Compl. ¶¶ 36, 40) (emphasis added). They further allege that "[a]ll issues concerning liability are common to all Class members because such issues concern their entitlement to benefits calculated in a manner other than that calculated thus far...." (Compl.¶ 36). In addition, they allege that the "computation of a participant's lump sum distribution and the amount of lump sum distribution is standardized ... [and] was calculated in the same manner...." (Compl.¶ 37). They further allege that each class member's rights "will be determined by reference to the same Plan documents and the same provisions of ERISA." (Id.).

### III.    ARGUMENT

#### A.    Under The "First-To-File" Rule, This Case Should Be Transferred To The Southern District Of Indiana, Where The *Caufield* Case Is Pending.

The "first-to-file" rule is a "well established doctrine that encourages comity among federal courts of equal rank. . . . [W]hen actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" Zide Sport Shop of Ohio v. Ed Tobergate Assocs., Inc., 16 Fed. App'x 433, 437 (6th Cir. 2001); see also Smith v. Sec. and Exchange Comm'n, 129 F.3d 356, 361 (6th Cir. 1997) ("courts often proceed ... under the rule of thumb that the entire action should be decided by the court in which an action was first filed."). The first-to-file rule applies when "two suits involving substantially the same parties and purpose have been filed in a

concurrent jurisdiction." Plating Res., Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999) (citation omitted).

In the class action context, district courts within the Sixth Circuit routinely follow the first-to-file rule in transferring purported class actions to other districts where related claims already have been filed. See Allen v. Rohm and Haas Co. Ret. Plan. Civ. A. No. 3:06-CV-25-S, 2006 WL 1980174, at *2 (W.D. Ky. July 10, 2006) (transferring ERISA class action challenging calculation of lump sum benefits to Southern District of Indiana, where similar ERISA class action was filed first); City of Columbus v. Hotels.com, No.2:06-cv-677, 2007 WL 2029036, at **3-5 (S.D. Ohio July 10, 2007) (applying "first-to-file" rule and approving transfer of class action suit to Northern District of Ohio, where nearly identical class action was pending); Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 689-90 (E.D. Tenn. 2005) (transferring FLSA collective action to Ohio under "first-to-file" rule).

### 1. All The Relevant Factors Weigh In Favor Of Transfer Of This Case To The Southern District Of Indiana.

District courts have used three factors to determine whether the first-to-file rule warrants transfer of a case: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. NCR Corp. v. First Fin. Computer Servs., 492 F. Supp. 2d 864 (S.D. Ohio 2007); Strategic Ambulance, Inc. v. Martinez, No. 1:05-CV-598, 2006 WL 462430. at *2 (S.D. Ohio Feb. 24, 2006); Smithers-Oasis Co. v. Clifford Sales & Mktg., 194 F. Supp. 2d 685, 687 (N.D. Ohio 2002). Here, all three factors weigh in favor of transferring this case to the Southern District of Indiana.

### a. The *Caufield* Action Is The First-Filed Action.

The Caufield case was filed on February 12, 2007, before this case was filed on August 13, 2007. Thus, the first element, the chronology of the two actions, is met. See NCR Corp.,

492 F. Supp. 2d 864 (granting motion to transfer to Texas where similar complaint was filed in Texas several days before complaint in the Southern District of Ohio); Smithers-Oasis Co., 194 F. Supp. 2d at 686-87 (granting motion to transfer to Missouri where similar complaint was filed in Missouri approximately one week before complaint in the Southern District of Ohio).

**b.    The Parties In The Two Actions Substantially Overlap.**

A "precise identity of parties is simply not required" for the first-to-file rule to apply. City of Columbus, 2007 WL 2029036, at *7 (emphasis added), citing Plating Resources, 47 F. Supp. 2d at 903. As stated in Fuller, the "parties and issues need not be identical .... [r]ather, the crucial inquiry is whether the parties and issues substantially overlap." Fuller, 370 F. Supp. 2d at 688.

There is no question that the parties in this action "substantially overlap" with the parties in Caufield. Although the named plaintiffs are different individuals, both class actions seek certification of essentially the same class of participants who received lump sum benefits from the Plan. Caufield is a member of the proposed class in this action, and Abelman and Nutter are members of the proposed class in Caufield.[2] Both actions challenge the same calculation of

---

[2]    The parties in Caufield do not agree as to the applicable statute of limitations for the claims in that action, and the parties to this action also may disagree as to the applicable statute of limitations. However, this should not impact the Court's analysis on this Motion to Transfer. If both actions are permitted to proceed concurrently in different judicial districts, then the same individuals could be subject to different statute of limitations periods in each action. As the Court in Fuller stated, "[t]hat such a confusing result could occur evidences that the collective classes are substantially similar." 370 F. Supp. 2d at 690; Allen, 2006 WL 1980174, at *2, fn.1 (noting that the parties in the Indiana action disagreed as to the applicable statute of limitations and stating that the Court would defer to the Indiana court to address the viability of the claims of the named plaintiff in the Kentucky action).

lump sum benefits under the Plan.[3] Thus, the parties "substantially overlap" for purposes of the first-to-file rule, and the rule's second element is met. See Fuller, 370 F. Supp. 2d at 689 (finding substantial overlap between parties in two class actions where the named plaintiffs – although different individuals – were "effectively identical"; both actions sought certification of the same class; and claims were alleged against the same company); City of Columbus, 2007 WL 2029036, at *7 (finding that two class actions involved substantially the same parties where the two cases arose out of the same business practices of the defendant and the putative class in both cases was identical).

c.     **The Issues And The Claims In The Two Actions Are Identical.**

Lastly, the issues in the two actions not only "substantially overlap," but they are identical. Fuller, 370 F. Supp. 2d at 690. In both Caufield and this case, the plaintiffs challenge the calculation of lump sum pension benefits under ERISA Sections 203(e) and 205(g), 29 U.S.C. §§ 1053 and 1055. In addition, both cases involve claims that the Plan's conduct "resulted in an impermissible forfeiture of benefits prohibited by ERISA § 203(a) and Internal Revenue Code § 411(a), as implemented by Treasury Regulation § 1.411(a)-4 and 4T." (Compl., ¶ 32; Caufield Compl. ¶ 26).

Moreover, allowing both courts to adjudicate the same legal issues in two different forums is inefficient and impractical. First, the two courts might reach inconsistent results. Second, the parties could not settle one case while the other case remains pending. Of course, judicial resources would be wasted in litigating the same case in multiple forums.

---

[3]  The addition of Colgate as a named defendant in this action does not defeat the requirement that parties be substantially similar. See Plating Res., 47 F. Supp. 2d at 904 (the addition of one defendant does not defeat the "similarity of the parties" requirement because "precise identity of the parties is not required"); see also Silver Knight Sales & Mktg., Ltd. v. Globex Int'l, Inc., No. 2:06-cv-123, 2006 WL 3230770, at *5 (S.D. Ohio Nov. 6, 2006) (parties were substantially similar, even though the defendant corporation was a separate defendant in one case but not the other case; "the first-to-file rule does not require exact identity of the parties").

Confronted with such a possibility of inconsistent results, the Court in <u>Allen v. Rohm and Haas Co. Ret. Plan</u>, Civil Action No. 03:06CV-25-S, 2006 WL 1980174 (W.D. Ky. July 10, 2006) applied the first-to-file rule and granted the motion to transfer. The named plaintiff in <u>Allen</u> filed a class action complaint on behalf of himself and other Plan participants, who had received lump sum pension benefits that did not include the value of a cost-of-living adjustment. <u>Id.</u> at *1. However, a different named plaintiff previously had filed a similar class action complaint in the Southern District of Indiana, also alleging that Rohm and Haas had failed to include an annual cost of living adjustment in lump sum pension benefits. <u>Id.</u> Noting the interest in comity among federal courts, the Court granted the motion to transfer, stating:

> There is no question that the Indiana action is the first-filed action and that comity requires this court to respect the substantial development of the issues which has already taken place in the former case. Allen does not dispute that that he is a member of the class certified by the Indiana court. The issue as to the entitlement of retirees to the value of yearly COLAs is identical in both lawsuits. The action must therefore be transferred to the Southern District of Indiana for all further proceedings.

<u>Id.</u> at *2 (footnote omitted). As in <u>Allen</u>, this Court should grant the Motion to Transfer, and transfer this action to the Southern District of Indiana.

### 2.    Applying The "First-to-File" Rule To Transfer And Eventually Consolidate This Case Will Promote Judicial Economy.

The first-to-file rule "has evolved into a mechanism used to promote judicial efficiency," <u>Plating Resources</u>, 47 F. Supp. 2d at 903, and "the rule's importance should not be disregarded lightly." <u>Smithers-Oasis</u>, 194 F. Supp. 2d at 687 (citations and internal quotations omitted).

Here, sound judicial administration warrants a transfer so that the two cases can be consolidated. Both cases involve ERISA claims on behalf of the same group of individuals challenging the calculation of lump sum distributions from Colgate's cash balance plan. Indeed, both cases seek to certify a nationwide class action because "there is a risk that the prosecution

of separate actions would establish incompatible standards of conduct for the administrator of the Plan." (Caufield Compl. ¶ 14; see also Compl. ¶ 40 ("the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications …")). These same arguments require transfer of this case so that the two cases can be consolidated. It would be a waste of judicial and the parties' resources to maintain these two cases in separate district courts when the cases involve overlapping parties, claims, evidence, damages, and classes.[4] See Fuller, 370 F. Supp. 2d at 690 ("Permitting both [collective] actions to proceed to judgment risks the possibility of inconsistent results."); City of Columbus, 2007 WL 2029036, at *5 (stating that "it is a waste of judicial resources to litigate the same dispute in two different forums").[5]

### B. Transfer To The Southern District Of Indiana Is Also Appropriate Under 28 U.S.C. § 1404(a).

Consistent with the first-to-file rule, district courts may transfer cases to districts where related actions are pending under 28 U.S.C. § 1404(a).[6] This action should be transferred to the Southern District of Indiana, where similar claims will be determined by a Court in that district.

---

[4] Indeed, it does not make sense to require the Plan Administrator and actuaries to testify in both cases regarding the calculation of lump sum benefits under the Plan.

[5] Fed. R. Civ. P. 42(a) gives district courts broad discretion to consolidate related cases to promote judicial efficiency, eliminate redundancy, and to conserve the parties' and the courts' resources. See Cantrell v. GAF Corp., 999 F.2d 1007, 1010-11 (6th Cir. 1993); BD v. DeBuono, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) (citation omitted). Transferring this action to the Southern District of Indiana would be the first step toward consolidating the two cases for coordinated pre-trial proceedings.

[6] This section provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

and where this action could have been brought.[7]

The ultimate goal of a court in analyzing a motion to transfer venue is to serve both the convenience of the parties and witnesses, as well as the interests of justice. Kay v. Nat'l City Mortgage Co., 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007) (citations omitted). The private interests include ease of access to source of proof; availability of compulsory process for attendance of witnesses; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. at 850 (citations omitted). The public interests include docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, and the court's familiarity with the applicable law. Id. (citations omitted). Courts in the Sixth Circuit have summarized these factors, including: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interests of justice, including such concerns as systemic integrity and fairness. See, e.g., Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991), cert. denied, 502 U.S. 821 (1991); Buckeye Check Cashing of Arizona, Inc., No. 2:06-cv-792, 2007 WL 641824, at *12 (S.D. Ohio Feb. 23, 2007).

---

[7]  An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). For ERISA venue purposes, a defendant "resides or may be found" in any district in which its "minimum contacts" would support the exercise of personal jurisdiction. Moore v. Rohm & Haas Co., 446 F.3d 643, 646 (6th Cir. 2006). The minimum contacts standard is satisfied when the "defendant's contacts with the forum state are substantial and continuous and systematic, so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state." Id. (citations and internal quotations omitted). Here, it is undisputed that, by operation of its facilities in the Southern District of Indiana, and by virtue of the Plan's contacts with that district, Defendants have minimum contacts with the Southern District of Indiana. (Caufield Compl. ¶ 4; Declaration of Matthew Faranda ("Faranda Decl."), attached as Exhibit B, at 6).

While most of these factors are inapplicable to the case at hand,[8] several key factors weigh heavily in favor of transfer. Specifically, for all of the reasons previously discussed, allowing this case to proceed in two different forums will undermine the interests of justice, waste the resources of the parties and the courts, and potentially result in inconsistent adjudication of the same issues. Allowing transfer to the Southern District of Indiana will avoid these problems and permit this case to be litigated in the most efficient manner.

The existence of an independently-filed putative class action in the Southern District of Indiana makes transfer appropriate. A "strong public policy" favors consolidation of similar class actions in a single district. Firmani v. Clarke, 325 F. Supp. 689, 693 (D. Del. 1971). Where, as here, transfer "will avoid the possibility of overlapping and competing class actions involving the same claims," transfer is favored under the "interests of justice" prong of Section 1404(a). Hall v. Kittay, 396 F. Supp. 261, 264 (D. Del. 1975) (citations omitted); see also U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd., 357 F. Supp. 2d 924, 937-38 (E.D. Va. 2005) ("The interest of justice weighs heavily in favor of transfer when related actions are pending in the transferee forum. This is particularly so when the two cases are intimately related and hinge upon the same factual nucleus.") (internal quotations omitted). Here, transfer will facilitate the consolidation of the pending class actions while obviating the peril of inconsistent rulings and judgments. See, e.g., Kay v. Nat'l City Mortgage Co., 494 F. Supp. 2d at 854    (stating that under § 1404(a), avoidance of a multiplicity of litigation is an important factor in determining

---

[8]    Virtually all of the documents that are potentially relevant to this action, including Plan documents and Plan records, are maintained in New York. (Faranda Decl., at 5). The only documents that may not be in New York are documents in the possession of each class member, which documents likely are located throughout the country where each participant lives. Thus, relevant documents and other evidence will have to be transferred regardless of which court hears the case. Moreover, any potential witnesses in this matter are similarly located in New York. Those individuals with intimate knowledge of the Plan's administration work at Colgate's headquarters in New York. (Faranda Decl. at 4).

what "the interests of justice" require) (citations omitted); <u>Blake v. Family Dollar Stores, Inc.</u>, Civ.A. 2:07-CV-361, 2007 WL 1795936, at **3-4 (S.D. Ohio June 19, 2007) (granting motion to transfer to North Carolina under § 1404(a), where similar class actions against defendants also had been transferred to North Carolina); <u>DeMoss v. First Artists Prod. Co., Ltd.</u>, 571 F. Supp. 409, 414 (N.D. Ohio 1983) (granting motion to transfer to California, where California court had venue over certain claims, stating "[i]t would make no sense to litigate the claims separately ... the most appropriate action is to consolidate all the claims in one action").

Furthermore, litigating both cases before the same tribunal will result in "more efficient conduct of pretrial discovery, saves witness time and money in both trial and pretrial proceedings, and avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the parties while at the same time serving the public interest." <u>River Road Int'l v. Josephthal Lyon & Ross Inc.</u>, 871 F. Supp. 210, 214 (S.D.N.Y. 1995) (citations and internal quotation marks omitted); <u>see also</u> <u>Talent Tree Crystal, Inc. v. DRG, Inc.</u>, No. 1:04-CV-875, 2005 WL 3312554, at *5 (W.D. Mich. Dec. 7, 2005) ("Even if the cases are not consolidated, judicial economy is served by placing related claims before the same court."). Accordingly, this case should be transferred to the Southern District of Indiana under 28 U.S.C. § 1404(a).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests this Court transfer this matter

to the United States District Court for the Southern District of Indiana.

Dated: September 18, 2007                         Respectfully submitted,


                                                  /s/ Felix C. Wade
                                                  Felix C. Wade (0024462)
                                                  Schottenstein, Zox & Dunn Co., LPA
                                                  250 West Street
                                                  Columbus, Ohio 43215
                                                  Tel:  (614) 462-2700
                                                  Fax: (614) 462-5135
                                                  Email: fwade@szd.com
                                                  Trial Attorney for Defendants Colgate-
                                                  Palmolive Company and Colgate-Palmolive
                                                  Company Employees' Retirement Income
                                                  Plan

OF COUNSEL:

Eve M. Ellinger    (0073742)
Schottenstein, Zox & Dunn Co., LPA
250 West Street
Columbus, Ohio 43215
Tel:  (614) 462-2700
Fax:  (614) 462-5135
Email: eellinger@szd.com

Joseph J. Costello* (Pennsylvania Bar No. 44327)
Jeremy P. Blumenfeld (Ohio Supreme Court No. 0068858)
Theresa J. Chung* (Pennsylvania Bar No. 94681)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel.:   215-963-5295/5258/5584
Fax:    877-432-9652
Email: jcostello@morganlewis.com
       jblumenfeld@morganlewis.com
       tchung@morganlewis.com
*Pending *Pro Hac Vice Admission*

Attorneys for Defendants Colgate-Palmolive Company and
Colgate-Palmolive Company Employees' Retirement Income Plan

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, and served via U.S. First Class mail to the following counsel and parties:

William Henry Blessing, Esq.
119 East Court Street, Suite 500
Cincinnati, OH 45202

Eli Gottesdiener, Esq.
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, NY 11215

Attorneys for Plaintiffs

/s/ Eve M. Ellinger
EVE M. ELLINGER

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2008, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Defendants, through below listed counsel, by operation of the Court's electronic filing system and electronic mail.

Joseph J. Costello
Jeremy P. Blumenfeld
Theresa J. Chung
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
jblumenfeld@morganlewis.com
jcostello@morganlewis.com

By: _/s/ Edgar Pauk_____
Edgar Pauk (EP 1039)