IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARI PROESEL AND PAMELA HOSIE, et al.<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br><br>COLGATE-PALMOLIVE COMPANY EMPLOYEES' RETIREMENT INCOME PLAN, COLGATE-PALMOLIVE COMPANY, as Plan Administrator,<br><br>　　　　　　　　　Defendants. | Case No.  07-CIV-9515-BSJ-KNF<br><br>Judge Barbara S. Jones<br>Magistrate Judge Kevin N. Fox |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE
TO THE SOUTHERN DISTRICT OF INDIANA**

**I.　INTRODUCTION**

　　In the opening memorandum filed by Defendants Colgate-Palmolive Company Employees' Retirement Income Plan ("the Plan") and Colgate-Palmolive Company ("Colgate") (collectively "Defendants"), Defendants articulated the straight-forward reasons for transferring this case to the Southern District of Indiana, where two putative class actions involving virtually the same claims and class members, captioned Caufield v. Colgate-Palmolive Company Employees' Retirement Income Plan, No. 4:07-CV-0016-SEB-WGH, and Paul Abelman, et al. v. Colgate-Palmolive Co., et al.; No. 1:07-cv-01554-DFH-JMS, were previously filed and are pending. Notwithstanding the arguments in Plaintiff Pamela Hosie's ("Plaintiff" or "Hosie") Memorandum in Opposition to Defendants' Motion for Transfer of Venue to the Southern District of Indiana ("Opp. Mem."), the balance of convenience does *not* justify a divergence from the "first-to-file" rule, and accordingly, the Court should follow the "strong presumption in favor of transfer to the forum of the first-filed suit." See McCain v. Rahal Letterman Racing, LLC, No. 07-cv-5729 (JSR), 2007 WL 2435170, at *2 (S.D.N.Y. Aug. 27, 2007).

Moreover, Hosie concedes that this case should be heard in the same district as the <u>Caufield</u> and <u>Abelman</u> cases. (Opp. Mem. at 1-2). The three cases basically challenge the same Plan provisions on behalf of essentially the same nationwide putative class of Plan participants. As a practical matter, this means that there are two options: (1) either this case needs to be transferred to Indiana, *or* (2) the two class action cases pending in Indiana before different judges need to be transferred to this district. Defendants submit that the first course of action is the more practicable and efficient course of action.

Allowing this case to remain in the Southern District of New York would require the transfer of two-related putative class action cases to this district for consolidation and coordination. Plaintiff is incorrect in asserting that both the <u>Caufield</u> and <u>Abelman</u> plaintiffs are "petitioning their respective courts to transfer their respective cases to New York." (Opp. Mem. at 9). In fact, the plaintiff in <u>Caufield</u> is "content [to remain] litigating before [the Indiana] court]" and has *not* moved to transfer his case to this District. (<u>Caufield</u> Docket No. 61). Although the plaintiffs in the second case, <u>Abelman</u>, have moved to transfer to New York, that is only after they previously consented to the transfer of their case from Ohio to Indiana. (<u>Abelman</u> S.D. Ohio Docket No. 28). A second transfer of <u>Abelman</u> would serve no purpose, and would only further delay these proceedings. Accordingly, the Court should adhere to the "first-to-file rule" because the balance of convenience weighs in favor of – and not against – transfer to the Southern District of Indiana.

**A.     The Two Related Cases Pending In Indiana Were Filed Before This Action And Have Progressed Further Than This Case.**

Plaintiff mischaracterizes the two Indiana cases as being at a "nascent stage with no substantive rulings … or substantive briefing." (Opp. Memo. at 2). In fact, both Indiana cases, which were filed before this action, have proceeded further than this action, and the Indiana

Case 1:07-cv-09515-BSJ-KNF    Document 19    Filed 03/13/2008    Page 3 of 10

courts are more familiar with the issues involved in these cases. (See Caufield and Abelman dockets, attached hereto as Exhibits A and B, respectively; see also Abelman S.D. Ohio Docket, attached hereto as Exhibit C). The parties in Caufield and Abelman already have taken steps to litigate several of the issues that Plaintiff seeks to have adjudicated in this action. (See Caufield Docket Nos. 24, 25, 34, 39-54, 59-62; Abelman Docket Nos. 9-10). Indeed, Motions to Dismiss have been filed in both Abelman and Caufield on issues that will arise – but have not yet arisen in this case.[1] In Caufield, the legal issues in the Motion to Dismiss have been the subject of numerous briefs, including extensive supplemental briefing, and the Motion to Dismiss in Caufield is fully briefed and ripe for consideration before Judge Sarah Evans Barker.[2] In Abelman, Colgate, the Plan, and the Employee Relations Committee ("the Committee") have moved to dismiss several of the claims, and the plaintiffs have requested a stay of briefing on this motion pending a determination on their motion to transfer. (Abelman Docket Nos. 9-10, 23). The Abelman plaintiffs have already had one opportunity to amend their Complaint, adding several named plaintiffs and substantive claims. (Abelman S.D. Ohio Docket No. 27). In addition, the parties in Caufield have engaged in limited discovery, including briefing and a ruling on whether discovery should be stayed pending a ruling on the Plan's Motion to Dismiss. (Caufield Docket No. 40-41, 44, and 45). The parties in Caufield also have participated in

---

[1] For example, Defendants have raised issues relating to the statute of limitations and released claims that will affect the claims of thousands of putative class members in this case. See Caufield Docket No. 25 (Defendant's Memorandum In Support of Motion to Dismiss; No. 34 (Plaintiff's Response in Opposition to Motion to Dismiss); No. 42 (Defendant's Reply in Support of Motion to Dismiss); No. 47 (Plaintiff's Citation to Supplemental Authority in Opposition to Motion to Dismiss); No. 53 (Defendant's Notice of Supplemental Authority in Support of Motion to Dismiss); No. 58 (Plaintiff's Response to Defendant's Notice of Supplemental Authority); Abelman Docket Nos. 9-10.

[2] See Caufield Docket No. 25 (Defendant's Memorandum In Support of Motion to Dismiss; No. 34 (Plaintiff's Response in Opposition to Motion to Dismiss); No. 42 (Defendant's Reply in Support of Motion to Dismiss); No. 47 (Plaintiff's Citation to Supplemental Authority in Opposition to Motion to Dismiss); No. 53 (Defendant's Notice of Supplemental Authority in Support of Motion to Dismiss); No. 58 (Plaintiff's Response to Defendant's Notice of Supplemental Authority).

several status conferences before Magistrate Judge William G. Hussmann, Jr., regarding the claim at issue, a Case Management Plan, the scope of discovery, the potential for consolidation, and other matters. (Id., Nos. 43, 45, 46, 52, 59, 62). By contrast, in this case, Defendants have answered the Complaint and moved to transfer to Indiana; the parties have submitted no other motions, and no conferences with the Court have been held.

Because the Indiana courts are more familiar with the issues raised in those cases, a transfer of this case to Indiana would further judicial economy. See S & H Uniform Corp. v. V-Tex, Inc., No. 03-cv-4939 (JSR), 2003 WL 22439644, at *2 (S.D.N.Y. Oct. 24, 2003) (transferring action to district where a related case was in a more advanced posture, noting that "it makes no sense for both lawsuits to proceed in separate fora when they are mirror images of each other"). Indeed, the "first-to-file" captures the principle that where the court of the earlier-filed action "has already spent considerable time and effort dealing with the exact *same* case," the second suit should give priority to the first. See City of New York v. Exxon Corp., 932 F.2d 1020, 1025-1026 (2d Cir. 1991) (emphasis in original); see id. at 1026 (the interest in judicial economy argues that "two courts should not expend their energies on [the same] matter …. given [the first court's] considerable expenditure of time and effort on this case, there is no sound reason why [the first judge's] work should be duplicated in [a latter] proceeding."). Allowing this case to proceed will ultimately require the transfer of Caufield and Abelman to this District, thus forcing the parties and the Court to duplicate proceedings that have already occurred in those cases. This outcome easily could be avoided by simply transferring this case to the Southern District of Indiana.

> **B.  The Parties And Courts In The Two Indiana Cases Have Taken Preliminary Steps To Coordinate Their Cases.**

In addition, the parties (and judges) in Caufield and Abelman have already taken

4

preliminary steps to coordinate their cases. The Magistrate Judge in <u>Caufield</u> directed plaintiffs' counsel in <u>Abelman</u> to participate in the most recent status conference call in <u>Caufield</u>, held on February 27, 2008. (<u>Caufield</u> Docket Nos. 59 and 62). Magistrate Judge Hussmann indicated that he would apprise both Judge Barker (in <u>Caufield</u>) and Judge David Frank Hamilton (in <u>Abelman</u>) of the pending issues, and another conference is scheduled for April. (<u>Caufield</u> Docket No. 62). Also, the Indiana courts will soon determine whether to coordinate and consolidate the two related cases pending in that district before different judges.[3] Accordingly, because the Indiana courts already have taken steps to coordinate their efforts in the Colgate cases, a transfer of this case to Indiana would further the interests of judicial economy.

### C. The Balance Of Convenience Does Not Justify A Departure From The "First-To-File" Rule.

The balance of convenience does not justify a departure from the "first-to-file" rule. Plaintiff has failed to overcome the "strong presumption" in favor of the forum of the first-filed suit, particularly in a putative nationwide class action where the Plan participants are located throughout the country. Given the totality of the circumstances, New York is not a more convenient forum to the parties in this case, nor would it further judicial efficiency or the interests of justice to allow this case to proceed in this district. None of Plaintiff's arguments

---

[3] On December 6, 2007, Colgate, the Plan, and the Committee filed a Notice of Related Action in <u>Abelman</u>, informing the court that a related, first-filed case was pending, and that <u>Abelman</u> should be transferred to Judge Barker. (<u>Abelman</u>, Docket No. 6). The court in <u>Abelman</u> has required the plaintiffs to respond to the Notice of Related Action by March 14, 2008. (<u>Abelman</u>, Docket No. 28).

demonstrate that the Southern District of New York is a more convenient forum than Indiana.[4] Plaintiff Pamela Hosie, the only named plaintiff in this action, resides in Milfay, Pennsylvania (and not New York), and will have to travel whether or not this action is transferred. (Compl. ¶ 9). Plaintiff's allegation that "most of the Plaintiffs lived, worked, earned their pension benefits and were allegedly underpaid in violation of ERISA in New York" is without foundation. (Opp. Mem. at 7). As Colgate SEC's filings make clear, the Company has major facilities and employees located throughout the country. (See Excerpts from Colgate-Palmolive, SEC Form 10-K filed 2/28/2008, attached hereto as Exhibit D, at 6-7). Thus, putative class members (current and former Colgate employees who participated in the Plan) likely will have to travel whether or not this action is transferred.[5] Defendants can and will produce their documents (many of which may be in an electronic format) anywhere. To the extent the plaintiffs intend to depose any of Defendants' witnesses, Defendants will make their witnesses available at a

---

[4] Many of the cases cited by Plaintiff actually involve a straight-forward application of the "first-to-file" rule in favor of the first-filed action. See, e.g., Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 60 (S.D.N.Y. 2001) (applying the first-filed rule); Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 560-563 (S.D.N.Y. 2000) (holding that balance of convenience did not justify departure from the first-to-file rule); S-Fer Int'l, Inc. v. Paladion Partners, Ltd., 906 F. Supp. 211, 217 (S.D.N.Y. 1995) (applying first-filed rule based on the "nature of the claims and counterclaims and on the balance of convenience and absence of any indication of forum shopping or other special circumstances."); Ivy-Mar Co., Inc. v. Weber-Stephen Prods. Co., No. 93 Civ. 5973 (PKL), 1993 WL 535166, at *2 (S.D.N.Y. Dec. 22, 1993) (applying the "general rule that the first-filed suit should be given priority"). Furthermore, several of the cases cited by Plaintiff are distinguishable because they involve facts and circumstances that are not at issue here. See, e.g., Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (2d Cir. 1978) (district court did not abuse its discretion by allowing later-filed infringement action to proceed in New York where, among other reasons, the defendant filed a declaratory judgment action in apparent anticipation of the plaintiff's New York suit). In this case, Defendants have not engaged in any forum shopping in anticipation of a lawsuit filed by Plaintiffs: the three lawsuits have been filed by different sets of counsel against Defendants in three separate tribunals.

[5] For purposes of the motion to transfer analysis, the Court need not consider the convenience of the potential witnesses who are located outside both the current and transferee forum because they will have to travel whether or not the case is transferred. See Weschler v. Macke Int'l Trade, Inc., No. 99 CIV 5725 (AGS), 1999 WL 1261251, at *6 (S.D.N.Y. Dec. 27, 1999) ("[T]he Court dismisses from consideration the convenience of witnesses who are located outside both the current and transferee forums.").

mutually convenient location, regardless of where the case is pending.  See, e.g., Coker v. Bank of Am., 984 F. Supp. 757, 766 (S.D.N.Y. 1997) ("[i]n today's era of photocopying, fax machines and Federal Express, [the defendant's] documents easily could be sent…").  Hosie's contention that "non-party witnesses possibly needed for trial would likely be within [the S.D.N.Y.'s] subpoena power" is purely speculative: Hosie has not identified any former Colgate employees with relevant knowledge who reside in the New York area.  (Opp. Mem. at 7).  Moreover, in the event the cases are allowed to proceed in their current venues, Colgate, the Plan, and the Employee Relations Committee will need to be in Indiana to defend Caufield (for which none of the parties have sought transfer) and Abelman, and the same sources of proof used in Caufield and Abelman (in Indiana) likely will be used for this action.  Thus, the balance of convenience weighs in favor of transfer of this case to New York.[6]

In addition, Plaintiff's choice of forum should be accorded less deference because she seeks to certify a nationwide class of former and current Colgate employees and because Hosie is not a resident of the forum district.  It is well-established that Hosie's choice of forum is entitled to less deference because she asserts claims on behalf of a nationwide class action.  See Vangarelli v. Witco Corp., No. 90-cv-6794, 1991 WL 19992, at *1 (S.D.N.Y. Feb. 11, 1991) (stating that a plaintiff's choice of forum is given "substantially less weight" in the class action context); Connors v. Lexington Ins. Co., 666 F. Supp. 434, 454 (E.D.N.Y. 1987) ("Even the plaintiff's choice of forum, which is generally given great deference, carries less weight in certain

---

[6] See Alden Corp. v. Eazypower Corp., 294 F. Supp. 2d 233, 238 (D. Conn. 2003) (determining that availability of witnesses and documents were not compelling factors where witnesses and documents could be available in either location); Cali v. E. Coast Aviation Servs., Ltd., 178 F. Supp. 2d 276, 293-294 (E.D.N.Y. 2001) (holding that the convenience of parties factor weighed in favor of transfer where plaintiffs did not reside in New York and the defendant, located in New York, was defending related litigation in transferee district); SEC v. Captain Crab, Inc., 655 F. Supp. 615, 617-619 (S.D.N.Y. 1986) (granting motion to transfer to Florida where three related class action lawsuits were pending and noting that the same parties, non-party witnesses, and documents were involved in all four actions).

situations such as when a plaintiff seeks to represent a widely dispersed class."). This is because "there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." Goggins v. Alliance Capital Mgmt., L.P., 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003) (citations and quotations omitted). Here, moreover, the pendency of other related, earlier-filed actions further undercuts any claimed preference for Hosie's chosen forum.[7] Indeed, Hosie is a putative class member in both the Caufield and Abelman cases.

The interests of justice and judicial efficiency based on the totality of the circumstances substantially weigh in favor of transferring this action to the Southern District of Indiana, where both other related class actions are pending. Litigating all three cases before the same tribunal will result in more efficient pretrial discovery, avoid duplicitous litigation, save time and expense for both parties and witnesses, and will avoid the risk of inconsistent results. Goggins, 279 F. Supp. 2d at 234; Cali, 178 F. Supp. 2d at 295 ("litigation of related claims in the same tribunal is strongly favored because it facilities efficient, economical, and expeditious pre-trial proceedings and discovery and avoids duplicitous litigation and inconsistent results."); SEC v. Captain Crab, 655 F. Supp. 615, 617-619 (S.D.N.Y. 1986) (granting motion to transfer to district where three related class action lawsuits were pending and stating that "[a]lso to be weighed in the interest of convenience and judicial economy is the existence of related actions in the transferee district."). Accordingly, Plaintiff has failed to overcome the "strong presumption" in favor of the forum of the first-filed suit, and this case should be transferred to the Southern District of Indiana without further delay.

---

[7] Moreover, when a court examines a plaintiff's choice of forum "in reference to the first-filed rule, and not merely a transfer, there is a strong presumption in favor of the forum chosen by the original plaintiff, [Caufield]." GT Plus, Limited v. Ja-Ru, Inc., 41 F. Supp. 2d 421, 425 (S.D.N.Y. 1998) (citations omitted).

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court transfer this matter to the United States District Court for the Southern District of Indiana.

Dated: March 13, 2008                Respectfully submitted,

/s/Theresa J. Chung
Joseph J. Costello*
Jeremy P. Blumenfeld*
Theresa J. Chung (TC3200)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000 (phone)
212) 309-6001 (fax)

Attorneys for Defendants Colgate-Palmolive Company Employees' Retirement Income Plan and Colgate-Palmolive Company

* Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2008, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, and served via U.S. First Class mail to the following counsel and parties:

>Edgar Pauk (EP 1039)
>144 East 44th Street, Suite 600
>New York, New York 10017
>
>Joseph H. Meltzer
>Edward W. Ciolko
>Joseph A. Weeden
>SCHIFFRIN BARROWAY
>TOPAZ & KESSLER, LLP
>280 King of Prussia Road
>Radnor, Pennsylvania 19087
>
>*Attorneys for Plaintiff Pamela Hosie*

>/s/Theresa J. Chung
>Theresa J. Chung (TC3200)