```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SHARI PROESEL and PAMELA HOSIE,      :
individually and on behalf of all    :
others similarly situated,           :
                                     :
                    Plaintiffs,      :
                                     :   07 Civ. 9515 (BSJ)(KNF)
          v.                         :
                                     :         Order
COLGATE-PALMOLIVE COMPANY            :
EMPLOYEE RETIREMENT INCOME PLAN,     :
COLGATE-PALMOLIVE COMPANY,           :
as Plan Administrator,               :
                                     :
                    Defendants.      :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff, Pamela Hosie ("Plaintiff"),[1] brings this action on her own behalf and on behalf of others similarly situated against defendants, Colgate-Palmolive Company Employees' Retirement Income Plan (the "Plan") and Colgate-Palmolive Company ("Colgate") (collectively "Defendants"), pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Presently before the Court is Defendants' Motion for Transfer of Venue to the United States District Court of the Southern District of Indiana. For the following reasons, this motion is DENIED.

## STATEMENT OF FACTS

Plaintiff, a participant in the Plan, alleges that when the Plan made lump sum distributions to participants prior to

---

[1] On January 3, 2008, Shari Proesel filed a voluntary notice of dismissal of claims against Defendants.

August 17, 2006, when the relevant Plan provisions were amended pursuant to the Pension Protection Act of 2006, it violated the present value calculation rules of ERISA, resulting in unlawful forfeiture of accrued benefits. Further Plaintiff claims that the Plan violated ERISA by failing to comply with any of the Act's minimum accrual requirements.

There are presently three actions pending nationwide, including the instant case, which allege similar claims against overlapping defendants. The first two filed cases, *Caufield v. Colgate-Palmolive Company Employees' Retirement Income Plan*, No. 4:07-cv-0016-EB-WGH (*Caufield"*) and *Abelman v. Colgate Palmolive Co.*, No. 1:07-cv-01554-DFH-JMS ("*Abelman*") (collectively the "Indiana Actions"), are now pending in the Southern District of Indiana.[2] The Complaint in this action was filed in this Court on October 24, 2007, roughly eight months after *Caufield* was filed.

## II. DISCUSSION

Defendants argue that pursuant to the first-to-file doctrine, this case should be transferred to the Southern District of Indiana where the *Caufield* and *Abelman* suits are currently pending. Plaintiff opposes the transfer motion on the grounds that New York is the most convenient forum for all

---

[2] Plaintiff Paul Caufield filed a Complaint against the Plan on February 12, 2007. The *Abelman* complaint was filed on August 13, 2007 in the Southern District of Ohio. Defendants' motion to transfer the *Abelman* action to the Southern District of Indiana was granted on November 28, 2007.

parties.  Plaintiff notes that all plaintiffs are in agreement that the three matters should be litigated in the Southern District of New York. The plaintiffs in *Abelman* have moved to have their case transferred to the Southern District of New York and the plaintiffs in *Caufield* have indicated in a filing with the court that New York is the most convenient forum for all parties. (*See* Pl.'s Ex. A; Pl.'s Ex. B).

The first-to-file doctrine is well established in the Second Circuit and provides that where two actions involving substantially or effectively the same parties and issues are pending concurrently in different federal courts, there is a strong presumption in favor of transfer to the forum of the first-filed suit. *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 555 (S.D.N.Y. 2000).  However, this presumption is not be applied mechanically and "may be rebutted by proof of the desirability of proceeding in the forum of the second filed action.'" *Hanson PLC v. Metro-Goldwyn-Mayer Inc.,* 932 F.Supp. 104, 106 (S.D.N.Y. 1996).  Thus, courts "may depart from the rule if the balance of convenience warrants transfer of the case to the forum where the second suit was filed." *Reliance Ins. Co. v. Six Star, Inc.*, 155 F.Supp.2d 49, 55-56 (S.D.N.Y. 2000).  The party seeking to depart from the first-filed rule bears the burden of demonstrating the existence of circumstances which

3

justify such a departure. *See Citigroup Inc.*, 97 F.Supp.2d at 556.

In considering a departure from the first-filed rule based on a balances of conveniences, a court evaluates the same factors considered on a motion to transfer pursuant to 28 U.S.C. § 1404(a). These are: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witness; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *See 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 133-134 (S.D.N.Y. 1994). As demonstrated below, an evaluation of these factors favors venue in the Southern District of New York.

**A. Convenience of Witnesses; Location of Relevant Documents; and Convenience of the Parties**

The Court is persuaded that the first three factors favor venue in New York because relevant documents and witnesses will likely be located there. Although Defendants argue that Colgate has facilities and employees located throughout the country, it is undisputed that the individuals with the most intimate knowledge of the Plan's administration work at Colgate's

4

headquarters in New York. (*See* Pl.'s Ex. C). Likewise, most if not all of the relevant documents are located in New York where the Plan was administered and Colgate is headquartered. As Defendants themselves stated, in an earlier filing to transfer the *Abelman* case from the Southern District of Ohio to the Southern District of Indiana, "[v]irtually all of the documents that are potentially relevant to this action, including Plan documents and Plan records, are located in New York...[m]oreover, any potential witnesses in this matter are located in New York." (Pl.'s Ex. C).

Additionally, convenience of the parties favors a New York Venue. As already stated, Defendants are headquartered in New York and Plaintiffs in all three actions either reside in New York, favor transfer to New York or do not oppose transfer to New York.

**B. Locus of Operative Facts**

As stated above, the Plan was designed and is administered in New York. Accordingly, this factor weighs in favor of venue in New York.

**C. Availability of Process to Compel Attendance**

As it is undisputed that most if not all relevant witnesses are located in New York, it is likely that non-party witnesses possibly needed for trial would be outside the scope of the

5

Southern District of Indiana's subpoena power but not outside the subpoena power of New York.

**D. Relative Means of the Parties**

This factor does not weigh in favor or against transfer, as the parties have not alleged any significant disparity in means which would impact their ability to litigate in either forum.

**E. A Forum's Familiarity With Governing Law**

This case presents only questions of federal law. Therefore, neither federal forum is in a better position than the other to adjudicate those issues.

**F. Weight Accorded to Plaintiff's Choice of Forum**

As plaintiffs in all three actions, at least now, indicate that their choice of forum is New York, this factor weighs against transferring the case to Indiana.

**G. Trial Efficiency and Interests of Justice**

Obviously with most relevant evidence and witnesses residing in New York, it will clearly be more efficient to conduct a trial in New York. Defendants argue that the more advanced posture of the Indiana Actions favors transfer. However, while the Indiana Actions have proceeded further than this action, both *Abelman* and *Caufield* are still at a nascent stage and there have not been any substantive rulings in either case. While it is clear that judicial economy is best served by proceeding in a single forum, as plaintiffs in both the *Abelman*

and *Caufield* favor transfer to New York, there is no reason why all three actions cannot ultimately be consolidated in this district.

## CONCLUSION

For the aforementioned reasons, the balance of conveniences favors litigating this action in New York. Accordingly, Defendants' Motion to Transfer Venue to the Southern District of Indiana is DENIED.

**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         March 19, 2008

7