UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
SHARI PROESEL and
PAMELA HOSIE, ET AL.,                                        :

             Plaintiffs,                 :

            -against-                                 ORDER GOVERNING
                                                       INITIAL CONFERENCE AND
COLGATE-PALMOLIVE CO. EMPLOYEES'             :              REQUIRED DISCLOSURES
RETIREMENT INCOME PLAN, COLGATE-
PALMOLIVE CO., as Plan Administrator,        :              07 Civ. 9515 (BSJ)(KNF)

             Defendant.                  :

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/15/08

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      An initial pretrial conference will be held in the above-captioned action on May 27, 2008, at 3:30 p.m., before Kevin Nathaniel Fox, United States Magistrate Judge, in courtroom 20A, 500 Pearl Street, New York, New York. **At least five (5) days before the conference, the parties must meet or confer by telephone to discuss the matters specified in Fed. R. Civ. P. 26(f) and must complete the attached questionnaire.**

      No discovery plan specified by Fed. R. Civ. P. 26(f) needs to be filed with the Court, but **counsel for the defendant(s) must submit the completed questionnaire to the chambers of the undersigned United States Magistrate Judge, via facsimile, to (212) 805-6712, at least two (2) days before the conference.** At or prior to the meeting or telephonic conference between the parties, the parties must comply with the automatic disclosure requirements of Fed. R. Civ. P. 26(a)(1). In addition, if the plaintiff seeks damages for personal injuries, the plaintiff must provide signed authorizations for release of all pertinent records from medical service providers.

1

During the scheduled initial pretrial conference, the parties must be fully prepared to discuss any issues pertaining to this case, including subject matter jurisdiction, venue, schedules for discovery, insurance coverage and settlement.

Dated: New York, New York  
       May 14, 2008

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

<u>Proesel, et al. v. Colgate-Palmolive Co. Emp. Ret. Inc. Plan</u>
07 Civ. 9515 (BSJ)(KNF)

## INITIAL CONFERENCE QUESTIONNAIRE

1. If not yet made, date for completion of automatic disclosures required by Fed. R. Civ. P. 26(a) or, where applicable, Local Civil Rule 33.2 of this court.: _____

2. Number of depositions by plaintiff(s) of:   parties _____ non-parties _____

3. Number of depositions by defendant(s) of:   parties _____ non-parties _____

4. Number of depositions which the parties expect may last longer than the seven hour limit under Fed. R. Civ. P. 30(d)(2): party _____ non-party _____

5. Number of expert witnesses of plaintiff(s): _____ medical _____ non-medical
   Date for expert report(s): _____

6. Number of expert witnesses of defendant(s): _____ medical _____ non-medical
   Date for expert report(s): _____

7. Maximum number of requests for admission by: plaintiff(s) _____ and defendant(s) _____ (Note: requests must be served at least 30 days before the discovery deadline)

8. Date for completion of all discovery: _____
   **N.B. All discovery is to be initiated so as to be completed on or before the date the parties insert at paragraph 8.**

9. Date by which plaintiff(s) will supply his or her pretrial order materials to defendant(s): _____

10. Date by which the parties will submit a pretrial order with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial: _____

11. Is there any limitation to be placed on discovery, including any protective or confidentiality order(s)? _____ If yes, please provide a short statement of the limitation(s) needed.

12. Is there any discovery issue(s) on which the parties, after a good faith effort, were unable to reach agreement? _____ If yes, please provide a short statement of the issue(s).

Date:                                                          Date:

_____                    _____
Signature of *Pro Se* Plaintiff or                 Signature of Counsel to Defendant(s)
Counsel to Plaintiff(s)