USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/13

RECEIVED
OCT 10 2013
LORNA G. SCHOFIELD
U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE COLGATE-PALMOLIVE CO.
ERISA LITIGATION

Master File No. 07-cv-9515

THIS DOCUMENT RELATES TO:
ALL ACTIONS

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING CLASSES FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

This Lawsuit involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Colgate-Palmolive Company Employees' Retirement Income Plan (the "Plan").[1] The terms of the Settlement are set out in the Settlement Agreement fully executed as of October 9, 2013 (the "Settlement Agreement"), by counsel on behalf of the Plaintiffs and Defendant.

Pursuant to the Named Plaintiffs' Unopposed Motion for Preliminary Approval, filed on October 9, 2013, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon review, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **Settlement Class Findings** – Solely for the purposes of the Settlement, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court and any other applicable law have been met as to the Settlement Classes defined below, in that:

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

a) The Court preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(1), the Settlement Classes are ascertainable from the Plan's records and from other objective criteria, and the members of the Settlement Classes are so numerous that their joinder before the Court would be impracticable.

b) The Court preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Classes.

c) The Court preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Classes.

d) The Court preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Classes in that: (i) the interests of the Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Classes; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Classes.

e) The Court preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Classes would create a risk of: (i) inconsistent or varying adjudications as to individual members of the Settlement Classes that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Lawsuit; and/or (ii) adjudications as to individual members of the Settlement Classes that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

f) The Court preliminarily finds, for purposes of settlement only, as required by Rule 23(b)(2), that the Defendant has acted or did not act on grounds generally applicable to the Settlement Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Classes as a whole. Class certification is therefore also appropriate under FED. R. CIV. P. 23(b)(2).

g) The Court preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(g), Class Counsel is capable of fairly and adequately representing the interests of the Settlement Classes, in that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Lawsuit; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Classes.

2. **Class Certification** – The Court, in conducting the settlement approval process required by FED. R. CIV. P. 23, preliminarily certifies solely for purposes of settlement the following classes under FED. R. CIV. P. 23(b)(1) and (b)(2):

> **Backloading Class** – (1) All persons (i) identified on the Backloading Class Participant List, (ii) who will receive an additional benefit under the Backloading provisions of the Settlement Agreement (Section 6), and (iii) who since July 1, 1989 have accrued benefits under the Plan and as to whom a Personal Retirement Account ("PRA") has been or at one time was established and maintained; and (2) all persons who (i) are the beneficiaries, estates, or alternate payees under a Qualified Domestic Relations Order ("QDRO") of such participant- Backloading Class Members, and (ii) are listed on the Backloading Class Participant Successor List.
>
> **Lump Sum Class** – (1) All persons (i) identified on the Lump Sum Class Participant List, (ii) who will receive an additional benefit under the Lump Sum Plan of Allocation, and (iii) as to whom a PRA at one time was established and maintained and who received a lump sum distribution from the Plan prior to August 18, 2006; and (2) all persons who (i) are the beneficiaries, estates, or alternate payees under a QDRO of a participant- Lump Sum Class Member, and (ii) are listed on the Lump Sum Class Participant Successor List.

Preliminary certification of the Settlement Classes pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an

3

admission, concession, or declaration by or against Defendant that (except for the purposes of the Settlement), this Lawsuit or any other action is appropriate for class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule, for litigation purposes.

3. **Appointments** – The Court preliminarily appoints (a) Pamela Richter, Paul Caufield, Paul Abelman, Valerie Nutter, Warren Jemmott, and Adriana Vazquez as the representatives for the Settlement Classes, and (b) Class Counsel as counsel for the Settlement Classes.

4. **Preliminary Findings Regarding Proposed Settlement** – The Court preliminarily finds that (a) the proposed Settlement resulted from extensive arms-length negotiations with the assistance of an experienced mediator, (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Named Plaintiffs' claims, (c) Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate, and (d) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Classes. Having considered the essential terms of the Settlement Agreement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

5. **Final Fairness Hearing** – A hearing is scheduled for April 4, 2013, at 10:30 a.m. _.m. (the "Final Approval Hearing") to determine, among other things:

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

4

- Whether the Lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether the notice plan proposed by the Parties (a) constitutes the best practicable notice, (b) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing, (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice, and (d) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Classes for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether any applications for attorneys' fees and reimbursement of litigation expenses and Case Contribution Awards to the Named Plaintiffs are fair and reasonable and should be approved.

6. **Class Notice** – Named Plaintiffs have presented to the Court a proposed form of Class Notice, appended hereto as Exhibit A. The Court finds that such form fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Settlement Classes that Class Counsel will seek attorneys' fees and reimbursement of litigation expenses from the Funds, and for a Case Contribution Award of up to $5,000.00 for each of the Named Plaintiffs for their services in such capacity; (c) gives notice to the Settlement Classes of the time and place of the Final Fairness Hearing; and (d) describes how the recipients of the Class Notice may object to any of the relief requested. The Named Plaintiffs

have proposed the following manner of communicating the notice to members of the Settlement Classes, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

- By no later than January 15, 2014, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each member of the Settlement Classes who can be identified by reasonable effort.

- By no later than January 15, 2014 cause the Class Notice to be published on the website identified in the Class Notice, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

7. **Petition for Attorneys' Fees and Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than March 14, 2014.

8. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than March 14, 2014

9. **Objections to Settlement** – Any member of the Settlement Classes may file an objection ("Objection") to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for a Case Contribution Award for the Named Plaintiffs. An objector must file with the Court a statement of his, her, or its Objection(s), specifying the reason(s) for each such Objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the Objection(s). Any

member of the Settlement Classes who files an Objection to the Settlement must also mail copies of the Objection and any supporting law and/or evidence to Class Counsel and to counsel for the Defendant. The address for filing Objections with the Court and serving objections on counsel are as follows:

**For Filing:**

>Clerk of the Court
>United States District Court
>Southern District of New York
>Thurgood Marshall U.S. Courthouse
>40 Foley Square New York, NY 10007
>Re: In re Colgate Palmolive Co. ERISA Litigation, Case No. 07-cv-9515 (S.D.N.Y.) (LGS)(KNF)

**To Class Counsel:**

| |
|---|
| Edward W. Ciolko<br>Mark K. Gyandoh<br>KESSLER TOPAZ MELTZER & CHECK, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706 |

**To Defendant's Counsel:**

| |
|---|
| Jeremy Blumenfeld<br>Jeffrey Sturgeon<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia PA, 19103<br>Telephone: (215) 963-5000 |

Objectors and their private counsel (if any) must file their Objections and supporting materials with the Court no later than March 14, 2014, and on counsel listed above so that the Objections are received no later than March 14, 2014. Service on counsel may be effected by email, but service on the Court must be by first class mail. If objectors hire an attorney for the purposes of making an Objection, the attorney must also file notices of appearance with the Court

7

no later than March 14, 2014 and serve a copy of the notice of appearance on counsel listed above by email or regular mail on the same day that it is filed with the Court. Any member of the Settlement Classes who does not timely submit a written Objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any Objection to the Settlement, and any untimely Objection shall be barred. Any responses to Objections shall be filed with Court and served on opposing counsel no later than March 21, 2014 There shall be no reply briefs.

10. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than March 28, 2014.

11. **Appearance at Final Approval Hearing** – Any objector who files and serves a timely, written Objection in accordance with paragraph 9 above may also appear at the Final Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than March 28, 2014. Any objector who does not timely submit a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Fairness Hearing, except for good cause shown.

12. **Notice Expenses** – The expenses of printing, mailing, and publishing all notices required hereby shall be paid from the Funds.

13. **Use of Order** – This Order is not admissible as evidence for any purpose in any pending or future litigation. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any finding of fiduciary status, fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission,

concession, or declaration by or against Named Plaintiffs or the Settlement Classes that their claims lack merit, or that the relief requested in the Lawsuit is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification, in the event that the Settlement Agreement terminates. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of, a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

14. **Jurisdiction** – The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

15. **Continuance of Final Fairness Hearing** – The Court reserves the right to continue the Final Fairness Hearing without further written notice to the Class.

SO ORDERED this 16th day of December 2013.

/s/ Lorna G. Schofield<br>
LORNA G. SCHOFIELD<br>
UNITED STATES DISTRICT JUDGE

9